In the Matter of ROBERT T. DOHERTY, Petitioner, v MARIO M. CUOMO, as Secretary of State of the State of New York, Respondent.— Determination unanimously modified in accordance with memorandum and, as modified, confirmed, without costs. Denman, J., not participating. Memorandum: In this article 78 proceeding petitioner seeks review of a determination by Mario Cuomo, Secretary of State, that he is guilty of violating sections 440-a and 441 (subd 1-A, par [e]) of the Real Property Law as a consequence of which petitioner's real estate broker's license was revoked. Our review of that determination is twofold: (1) is there substantial evidence on the record to support the hearing examiner's finding that petitioner was in violation of the Real Property Law; (2) is the revocation of petitioner's license " ' "so disproportionate to the offense, in light of all the circum-

stances, as to be shocking to one's sense of fairness".' " *(Matter of Pell v Board of Educ.;* 34 NY2d 222, 233.) There is ample evidence on this record to support the hearing examiner's findings that petitioner Doherty knowingly violated sections 440-a and 441 (subd 1-A, par [e]). Petitioner himself testified that he had in his employ two persons, Wigington and Barnes, who had been known to petitioner for a number of years and whom he employed to collect rents and make repairs in a number of buildings which he either owned or managed. Neither had a real estate salesman's license or a permit to collect rents and it was incumbent upon petitioner as a real estate broker to determine whether persons whom he was employing in that manner were licensed according to State law. Additionally, the hearing officer found that petitioner had further violated section 440-a by employing Robert Sheppard as a real estate salesman before he was licensed. Petitioner argues that he should not be found guilty of that violation because he was not notified of that charge. But it was petitioner who called Sheppard as a witness and asked the questions which led to the hearing officer's findings. He cannot complain of conclusions based on his own witness' testimony. Having found substantial evidence to support the conclusion that petitioner had in his employ three unlicensed real estate salesmen in violation of sections 440-a and 441 (subd 1-A, par [e]), we must examine the propriety of the sanction imposed. The question of the appropriate penalty to be imposed lies within the sound discretion of the administrative agency and should not be disturbed unless, as has so often been stated, it is " ' "shocking to one's sense of fairness".' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, *supra.)* One measure of that is whether the effect of the penalty on the individual is disproportionate to the nature and consequences of the misconduct. An indication of the seriousness of the offenses which petitioner was found to have committed is that they are subject to prosecution as misdemeanors. Such serious consequences reflect the interest of the State in regulating transactions in real property so as to guard the public against irresponsible or unscrupulous persons. The conduct complained of here, that petitioner's employee, Barnes, absconded with rent belonging to persons for whom petitioner managed property, is one type of misconduct which the State seeks to prevent by regulating and licensing real estate brokers and salesmen. Inasmuch as the Secretary of State has been made responsible for safeguarding the public against practices of this kind *(Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 256), he "must be accorded broad discretion in imposing penalties designed to safeguard the public interest and discourgage real estate brokers from engaging in shadowy practices *(Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 256, *supra;* see *Matter of Barlow v Lomenzo,* 49 AD2d 160; *Matter of Diona v Lomenzo,* 26 AD2d 473; *Matter of Edelstein v Department of State,* 16 AD2d 764)." *(Kostika v Cuomo,* 41 NY2d 673, 677.) There was no suggestion of fraud or duplicity on the part of petitioner and the proof is uncontradicted that he did not participate in or benefit from the misconduct of his employee Barnes. Under the circumstances we find that the severity of the penalty is so disproportionate to the offense under the rule of *Matter of Pell v Board of Educ. (supra)* as to require a modification. Accordingly, we hold that the penalty of license revocation should be reduced to a suspension of petitioner's license for a period of six months and the imposition of a fine against petitioner in the sum of $200. (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Schnepp, JJ.