OPINION OF THE COURT
Edward O. Provenzano, J.
Following disciplinary proceedings and a hearing, respondent revoked petitioner’s real estate broker’s license on January 20, 1977.
While that determination was stayed, pending judicial review, respondent commenced new disciplinary proceedings against petitioner. Following a hearing in connection with the subsequent proceedings, but prior to a decision thereon by the hearing officer, petitioner commenced (on July 14, 1977) an article 78 proceeding to prohibit respondent from further action with respect to the pending (new) disciplinary proceedings. Despite a stay (in the prohibition show-cause order) against further action, on July 25, 1977 respondent again revoked petitioner’s aforesaid license. On November 4, 1977 the undersigned rendered a written decision dismissing the *184 prohibition petition. Prior to entry of an order on said decision, the court granted petitioner’s in camera motion (on notice to the Attorney-General, who appeared and was heard) to supplement his (prohibition) petition to plead a request for judicial review of the second license revocation proceedings. By order of December 1, 1977 the undersigned granted the said motion to supplement and also stayed respondent’s aforesaid July, 1977 revocation action.
On judicial review of the first disciplinary proceedings, the Appellate Division, Fourth Department, in July, 1978 sustained respondent’s adjudication of petitioner’s underlying misconduct but found the revocation of his license to be "shocking to one’s sense of fairness” (64 AD2d 847) and modified the punishment by substituting therefor a six-month suspension and a $200 fine. Petitioner’s subsequent appeal therefrom was dismissed by the Court of Appeals (45 NY2d 960) on November 2, 1978. In February, 1979, petitioner served a "second supplemental petition” wherein he alleges that res judicata effect must be given to the modified punishment imposed by the Appellate Division.
In paragraph 8 of his supplemental petition of November 14, 1977 (submitted to the court on April 11, 1979) petitioner alleges that the July revocation determination was unsupported by substantial evidence. Although both parties recognize that transfer of this proceeding to the Appellate Division is thus mandated, petitioner asserts that CPLR 7804 (subd [g]) nevertheless authorizes this court to first rule on his claims of res judicata. The statute provides that (where transfer is required) Special Term "may, however, itself pass on objections in point of law”. It appears that the phrase "objections in point of law” as used in subdivision (g) of the statute has not been judicially construed in any prior reported decision. Professor Siegel writes that "[t]he objections embraced by that reference are apparently the same as those intended by the similar reference contained in CPLR 7804(f) * * * threshold objections of the kind listed in CPLR 3211(a), which are capable of disposing of the case without reaching the merits” (Siegel, New York Practice, § 568). To hold that the Legislature intended "objections in point of law” to have a broader meaning for subdivision (g) purposes than for subdivision (f) purposes would be a tempting construction but one which this court believes cannot be justified. (Cf. Leopold v Tofany, 38 AD2d 550, affg 68 Misc 2d 3.) The predecessor section (Civ *185 Prac Act, § 1296) provided that "[t]he court may, however, even in such a case, itself pass on objections to the petition in point of law”. The authorities examined lend no support to an interpretation that the Legislature intended to vest the transferring court with jurisdiction to determine a petitioner’s demurrer-type objection relating to the proceeding which itself is the subject of judicial review. Where such an issue is present, it will normally be determinable at Special Term within the purview of CPLR 7803 (subds 2 or 3). Nevertheless, it is now firmly established that the entire matter must be transferred to the Appellate Division whenever the substantial evidence question is before the court. (See Thornton, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 7804, subd [g].) This court therefore holds that "objections in point of law” must, for CPLR 7804 (subd [g]) purposes, be construed as any such objections which have been raised pursuant to to CPLR 7804 (subd [f]).
Submit order transferring this proceeding to the Appellate Division, Fourth Judicial Department, pursuant to CPLR 7804 (subd [g]).