■ In the Matter of STANLEY T. WEST, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent.—Determination of the Director of the Office of Public Health New York State Department of Health, dated March 7, 1977, unanimously modified, on the law and on the facts, to the extent of remanding the matter to the Department of Health of the State of New York for the purpose of limiting the suspension of the right of petitioner to use official New York State prescription forms for dispensation of controlled substances to a period not exceeding three months and, except as so modified, affirmed, without costs. Petitioner, a licensed physician, was charged with dispensing controlled substances during the period Janaury 14, 1977 through June 8, 1978, in violation of law, in that (a) he failed to prepare official prescription forms for the substances as dispensed; (b) he failed to dispense them in containers meeting the requirements of law; (c) he failed to maintain proper records and to prepare and maintain an inventory of such substances; and (d) he failed to report the loss or theft of 75 official New York State prescription blanks. At hearings held on October 31, 1978 and November 15, 1978, all of the charges, except the one dealing

with the loss or theft of the official prescription blanks were sustained. Additionally, the hearing officer found that there was no evidence that petitioner had trafficked illegally in controlled substances and that he was a person of "good moral and professional character and standing". His recommendation included fines totaling $1,500 and expressly excluded the imposition of any sanction "interferring with the privilege of purchasing and using official New York State prescription forms, or controlled substances, other than the requirements of existing law". The commissioner approved the fine imposed. Additionally, he suspended petitioner's right to use official State prescription forms and, consequently, the right to dispense controlled substances. It is beyond dispute that the findings of the hearing officer find substantial support in the record. Such conflict as there is centers about the sanction imposed and that was clearly within the competence of the commissioner. While punishment is a matter for the commissioner, it may not be " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness".' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Chaleff v Codd,* 64 AD2d 596, 596-597.) Here, the suspension for an unlimited period of the right to use official controlled substance prescription forms and of the right to dispense controlled substances has the effect of making it difficult, if not impossible, for the petitioner to practice medicine. We think any suspension in excess of three months "shocking to one's sense of fairness", in light of the fact that no venality was involved. Accordingly, we remand for that purpose. Concur —Sullivan, J. P., Bloom, Markewich and Ross, JJ.