OPINION OF THE COURT

Per Curiam.

The judgment of April 17, 1979 of the Appellate Division should be modified by striking therefrom everything after the word "cancellation” and remitting the matter to the Appellate Division with directions to remand it to the authority for the imposition of an appropriate penalty other than cancellation.
We agree with the Appellate Division that in view of the 37-year unblemished record of the licensed premises and the owner’s immediate intervention in the short altercation the penalty of cancellation is "so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct” (Matter of Pell v Board of Educ., 34 NY2d 222, 234). However, under CPLR 7803 (subd 3) the establishment of *876 an appropriate penalty other than cancellation should be left to the authority (Matter of Ahsaf v Nyquist, 37 NY2d 182, 186; cf. Matter of Shore Haven Lounge v New York State Liq. Auth., 37 NY2d 187, 191; Matter of Pell v Board of Educ., supra, at p 234). A reviewing court is free to state the maximum penalty the record will sustain, but should leave the exact nature of the penalty to be imposed to the discretion of the agency. If cancellation is precluded as excessive, it may well be that the State Liquor Authority would deem it appropriate and preferable to fashion some penalty different from that which the Appellate Division would impose. In any event, responsibility for fixing the penalty is vested in the administrative agency. The possibility of "circular proceedings” suggested by the dissent is, therefore, more apparent than real.