■  ROB TESS RESTAURANT CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of respondent, State Liquor Authority, dated February 2, 1979, canceling petitioner's liquor license, unanimously annulled, on the law, without costs, and the matter remanded to respondent for further proceedings not inconsistent herewith. This matter first came to us on a proceeding to review the determination of the State Liquor Authority canceling petitioner's liquor license. Although we dismissed the proceeding as moot, because, under the applicable statute (Alcoholic Beverage Control Law, § 67, subd 1, par [b]) the license had expired automatically, we noted that the appropriate sanction would have been a 30-day suspension (68 AD2d 821). Upon a request for clarification by both of the parties we adhered to our original determination noting that disposition "should suffice to allow the State Liquor Authority to proceed on any renewal application as if we had reduced the penalty to a 30-day suspension" (68 AD2d 874). A further motion resulted in our treating the license as an ongoing license and modifying the penalty imposed by the authority to a 30-day suspension (69 AD2d 798). The Court of Appeals, by a divided court, modified (49 NY2d 874) and remitted the matter to us (p 875) "with directions to remand it to the authority for the imposition of an appropriate penalty other than cancellation". In its *Per Curiam* opinion the Court of Appeals indicated (p 876) that "A reviewing court is free to state the maximum penalty the record will sustain, but should leave the exact nature of the penalty to be imposed to the discretion of the agency". Accordingly, and in conformity with our prior decisions, we indicate that any penalty in excess of a suspension for 30 days is not sustainable upon the record before us. The order of this court entered on May 6, 1980 is vacated. Concur—Kupferman, J. P., Sandler, Sullivan and Bloom, JJ.

■  In the Matter of ROBERT S. PERSKY, for Reinstatement as an Attorney and Counselor at Law in the the State of New York.—Motion, insofar as it seeks reinstatement, is denied, and insofar as it seeks recall of the remittal order of this court entered on May 20, 1979, the motion is granted. Concur—Murphy, P. J., Kupferman, Sandler, Sullivan and Carro, JJ.