■ In the Matter of LAURENCE GAILBAND, Petitioner, v JOSEPH J. CHRISTIAN, as Chairman of the New York City Housing Authority, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority, dated March 19, 1980, which, after a hearing, found petitioner guilty of certain charges of misconduct and dismissed him from his position as a Housing Authority police officer. Petition granted to the extent that the determination is modified, on the law, by deleting therefrom the penalty of dismissal and substituting therefor a provision that the penalty shall

be a suspension without pay from the Housing Authority police force for a period of two months. As so modified, determination confirmed, without costs or disbursements, proceeding otherwise dismissed on the merits, respondent is directed to reinstate petitioner to his position as Housing Authority police officer, with back pay (excluding payment for the two-month period of suspension), less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received, and proceeding remitted to Special Term for a determination, after a hearing, of whether back pay should be further reduced in accordance with the guidelines set forth in our decision in *Matter of Short v Nassau County Civ. Serv. Comm.* (59 AD2d 157). Under the totality of the circumstances at bar, including an unblemished record of more than 15 years' duration, the penalty of dismissal was grossly disproportionate to the nature of the petitioner's misconduct so as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Ordinarily, upon reaching such a conclusion, we would simply strike the penalty and remand the matter to the administrative agency for the imposition of an appropriate penalty other than dismissal (see *Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874). Here, however, in overruling the decision of its trial officer and imposing the maximum permissible penalty of dismissal, the Housing Authority expressed, in no uncertain terms, its view of the seriousness of petitioner's conduct. We sustain the authority's factual findings in all respects, and hold only that the misconduct found did not warrant the petitioner's dismissal. In our view, the maximum penalty the record will sustain is a suspension without pay for a period of two months. In light of the authority's strong and unequivocal condemnation of the petitioner's conduct, its demonstrated desire to impose the maximum permissible penalty, and the fact that the imposition of any lesser penalty would increase the authority's potential liability for back pay, it is manifestly clear that, upon remand, the Housing Authority would impose the most severe penalty the record would allow. In view of these circumstances, and in order to avoid delay and repetitious proceedings, we deem it appropriate to delete the penalty of dismissal and impose the penalty of a two-month suspension without pay. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.