■ In the Matter of JUNE S. WEIRICH, Petitioner, v JOSEPH F. GRIFFO, as Treasurer of the County of Livingston, et al., Respondents. — Petition unanimously granted, with costs, determination annulled and matter remitted to respondents for further proceedings in accordance with the following memorandum: In this article 78 proceeding petitioner asks the court to review respondent's decision to terminate her employment as a senior account clerk in the

Livingston County Treasurer's office. In June, 1979, petitioner was charged with seven counts of misconduct. Six of the charges involved unauthorized use of the office telephone; the seventh alleged insubordination. The hearing officer determined that there is no evidence to support the allegation of insubordination and dismissed that charge. He sustained Charge Nos. 1 through 6, however, and recommended that petitioner be discharged. Upon examining the record we find that there is substantial evidence to support the findings of the hearing officer. Petitioner testified that she made personal long distance calls on the county telephone. She also admitted that she made no effort to pay for these calls until just prior to the bringing of formal charges. Most serious, however, is the proof that petitioner quibbled about her guilt when first informed that an investigation was under way. Although the amount of money involved in this matter is small and the calls were made either to petitioner's daughter (33 calls) or husband (six calls) when these close relatives were seriously ill, petitioner's conduct cannot be condoned. The seriousness of this misuse of public funds was compounded by petitioner's early equivocation when questioned about this misuse. As objectionable as this conduct is, however, it does not, when examined against the standard articulated in *Matter of Pell v Board of Educ.* (34 NY2d 222), merit the extreme punishment of dismissal. Petitioner's misconduct was not motivated by avarice or "cardinal moral delinquency" *(Matter of Harris v Mechanicville Cent. School Dist.,* 45 NY2d 279, 285), but resulted from a concern about the well-being of her family. Moreover, the evidence shows that her superior knew of the calls and did not admonish her against making them, until an unrelated matter resulted in an argument between them. Considering the circumstances exposed at the hearing and the fact that there is very little likelihood of a repetition of the misconduct, we conclude that the maximum sanction that could be supported by this record is a suspension without pay of petitioner for a period not to exceed six months. (Article 78 proceeding transferred by order of Livingston Supreme Court.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.