■ FANNIE J. MILLER, Individually and as Executrix of ENOS N. MILLER, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59111.) — Order unanimously affirmed, without costs, for the reasons stated at the Court of Claims, Moriarty, J. (Appeal from order of Court of Claims, Moriarty, J. — discovery.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ. [91 Misc 2d 1028.]

■ In the Matter of JOHN C. MOORE, JR., Petitioner, v BASIL A. PATERSON, as Secretary of State of the State of New York, Respondent. — Determination unanimously modified, and, as modified, confirmed, without costs, and matter remitted for imposition of an appropriate penalty, in accordance with the following memorandum: In this CPLR article 78 proceeding petitioner seeks review of a determination by the Secretary of State that he violated section 441-c of the Real Property Law, as a consequence of which his real estate salesman's license was revoked. Expecting a small fine because of negotiations between the attorneys, petitioner had originally pleaded *nolo contendere* and put in no defense at the hearing. However, when the determination revoking his license was issued, petitioner was allowed to withdraw his plea and the hearing was reopened for his defense. Nonetheless, the original determination was confirmed. Substantial evidence in the record supports the conclusion that petitioner was aware of the requirement that, as a licensed real estate salesman, he must be associated with or employed by a licensed real estate broker (Real Property Law, § 440, subd 2), yet he operated an unlicensed apartment rental agency separate from his employment by a licensed broker. The determination that such activity constituted misconduct is within the broad discretion allowed the Secretary of State in safeguarding the public against improper real estate practices *(Kostika v Cuomo,* 41 NY2d 673; *Matter of Gold v Lomenzo,* 29 NY2d 468). The penalty imposed on petitioner, however, is so disproportionate to the offense as to require a modification *(Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Doherty v Cuomo,* 64 AD2d 847, app dsmd 45 NY2d 960). There is no indication that petitioner engaged in any fraud or duplicity or that he intended to benefit improperly from the misconduct; furthermore, the Department of State did not deny that petitioner's *nolo contendere* plea resulted from a promised bargain between attorneys that, if such plea was entered, only a small fine would be sought. Accordingly, the penalty of license revocation should be reduced to the imposition of a fine not to exceed the sum of $300 *(Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874). (Art 78 proceeding transferred by order of Monroe Supreme Court, Curran, J.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.

■ FRANCES SCIMONE et al., Respondents, v GEORGE MADISON et al., Appellants. — Order unanimously affirmed, with costs, for the reasons stated at Special Term, Murphy, J. (Appeal from order of Onondaga Supreme Court, Murphy, J. — amend answer — Statute of Limitations.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.