■ In the Matter of DONALD HENRY, Petitioner, v MARY L. WILSON, as Mayor of the Village of Palmyra, et al., Respondents. — Determination unanimously modified and, as modified, confirmed, without costs, and matter remitted to respondents for imposition of an appropriate penalty in accordance with the following memorandum: In this CPLR article 78 proceeding, petitioner Chief of Police seeks an annulment of his dismissal by respondents, the Mayor and Board of Trustees of the Village of Palmyra (Village Board). Ten charges were filed against petitioner alleging misconduct, insubordination and incompetence. The charges were brought before a hearing officer who recommended dismissal of all charges except two involving the failure to record the issuance of certain property to individual patrolmen and the refusal to work nights and weekends in accordance with an order from the mayor. Based upon his findings of fact, the hearing officer recommended the dismissal of petitioner. The Village Board accepted the hearing officer's recommendation of dismissal of certain charges and the recommended penalty of dismissal. It rejected the dismissal of certain charges, however, and substituted its own findings. This review raises the issues of whether the findings were based upon substantial evidence and whether the penalty imposed was excessive. CPLR 7803 (subd 4) provides for the review of a determination upon the evidence taken at a hearing and requires that the determination be supported by substantial evidence. It is well established that, in such matters, appellate courts may not disturb the determination of an administrative board if, on the record, there is substantial evidence to support it (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). An administrative board may overrule the hearing officer's findings, but the officer's findings are entitled to considerable weight and are significant in determining whether substantial evidence exists to support the charges (*Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Kelly v Murphy,* 20 NY2d 205; *Matter of Gristmacher v Felicetta,* 57 AD2d 444, mot for lv to app den 42 NY2d 811). Furthermore, the action of the board in overruling the hearing officer's findings must be supported by substantial evidence (*Matter of Simpson v Wolansky, supra*). The hearing officer recommended dismissal of the charge that the submission of an order to all police personnel concerning the

operations of the police department, without understanding that order, constituted incompetence because it was not supported by substantial evidence. The Village Board rejected this recommendation, however, and made a finding of incompetence based upon this charge. This finding is not supported by substantial evidence, however, since the order was not issued to all police personnel, but was submitted for discussion purposes to the Village Board. The finding of the hearing officer, accepted by the Village Board, that petitioner failed properly to record the issuance of certain property is similarly not supported by substantial evidence. Property records, completed by petitioner, were found in all of the files. Testimony at the hearing revealed that only one file contained such records one day after petitioner's dismissal. One week later, however, all of the files contained such records completed by petitioner. No explanation was offered for this discrepancy. Petitioner turned in his keys upon being dismissed and testified that he did not return to the police office. The Village Board rejected the hearing officer's dismissal of the charges that petitioner failed to maintain a daily log of his activities and make periodic checks of his patrolmen, and made the additional finding that the entries in the log book were not sufficiently detailed. According to the testimony at the hearing, petitioner received two directives; one was an order to make periodic surprise inspections and the other was to log his daily activities. There is no evidence in the record to support the charges that he failed to follow these directives. Therefore, these charges were properly dismissed by the hearing officer. The charges are not supported by substantial evidence and the additional finding of the Village Board does not affect that conclusion. The Village Board also rejected the hearing officer's recommendation of dismissal of the charge that petitioner failed to follow the September 16, 1980 directive to work nights and weekends. The record reveals that petitioner was only directed to devise a schedule jointly with Trustee George Abbott. The record does not support the charge that he failed to follow this directive; petitioner had discussions concerning his schedule with Trustee Abbott, but no schedule was devised. The hearing officer found that petitioner's refusal to work nights and weekends pursuant to the October 28, 1980 directive was an act of insubordination. This finding was accepted by the Village Board and is based upon substantial evidence. Unlike the September directive, this directive did not require any joint action, but was directed solely to petitioner. The record amply supports the charge that petitioner refused to work nights and weekends. Based upon his findings that petitioner failed adequately to perform his responsibilities in recording the issuance of property to patrolmen and that petitioner's refusal to work nights and weekends constituted an act of insubordination, the hearing officer recommended dismissal. The Village Board accepted this recommendation. A penalty may be set aside if the discipline imposed is so disproportionate to the offense that it is shocking to one's sense of fairness. (*Matter of Pell v Board of Educ., supra*). In this instance, petitioner's failure to comply with the directive was not persistent (cf. *Matter of Short v Nassau County Civ. Serv. Comm.*, 45 NY2d 721), and he offered what he considered to be a valid explanation for his failure to comply. Under the totality of the circumstances, including a record of service of over 20 years and the fact that the conduct was isolated and did not involve moral turpitude, the penalty of dismissal is overly severe (see *Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279; *Matter of Gailband v Christian*, 78 AD2d 853, mot for lv to app dsmd 52 NY2d 862). Based upon these considerations, we conclude that the maximum sanction that could be supported by the record is a suspension without pay for the period of suspension already incurred (see *Rob Tess Rest. Corp. v New York State Liq. Auth.*, 49 NY2d 874; *Matter of Moore v*

*Paterson,* 84 AD2d 964; *Matter of Weirich v Griffo,* 78 AD2d 969). (Art 78 proceeding transferred by order of Wayne Supreme Court, Provenzano, J.) Present — Dillon, P. J., Simons, Doerr, Denman and Moule, JJ.