## (December 23, 1981)

■ In the Matter of DAVID T. RIPTON, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. — Petition granted, with costs, and matter

remitted to respondent commissioner for further proceedings, in accordance with the following memorandum: Petitioner, a licensed physician, instituted this CPLR article 78 proceeding to review a determination of the State Commissioner of Health who, after a hearing, found petitioner guilty of violating the Public Health Law. The New York State Health Department caused to be served upon petitioner a notice of hearing and statement of charges which alleged that he had issued four prescriptions for controlled substances not in good faith and not in the course of his professional practice; had on two occasions made a false statement on official New York State prescription blanks; and had issued a prescription for a controlled substance calling for a quantity in excess of a 30-day supply, all in violation of sections 3304, 3331 (subd 2), 3335 (subds 1, 3), and 3397 (subd 1, par [b]) of the Public Health Law and 10 NYCRR 80.62, 80.65, 80.69, 80.69 (c), 80.67 (b) (4) and 80.125 (a) (2). Petitioner has been a licensed general practitioner in the Rochester area since 1942. An investigation was initiated in March, 1979 by a Senior Narcotics Investigator for the Department of Health and a licensed pharmacist based on hearsay information received by the department. Undercover agents testified they visited petitioner's office, used fictitious names and, without any physical examinations, obtained prescriptions for drugs to alleviate the symptoms they related to the doctor. The drugs involved were valium, a nonamphetamine diet pill and a mild sleeping pill. Two charges alleged simultaneous issuance of 30-day prescriptions to two of his long-time narcolepsy patients for their standard medication; the second prescription in each case being postdated 30 days after the first. He was also charged with issuance of a prescription for a 60-day supply of medication when the permissible maximum was a 30-day supply. There is insufficient evidence in this record to support a violation in respect to the postdated prescriptions. The evidence demonstrates that they were issued in good faith without any reasonable potential for harm to anyone or to the public. The hearing officer concluded that they "appeared to be issued in good faith". The 60-day prescription charge was arbitrarily and capriciously upheld. A review of the record reveals unrebutted evidence that the prescriptions which exceeded the 30 days allowed by law (Public Health Law, § 3335, subd 3; 10 NYCRR 80.69 [c]) were a simple mistake and that it was corrected when the pharmacist called it to the petitioner's attention. These charges must therefore be dismissed. This record, when examined against the standard articulated in *Matter of Pell v Board of Educ.* (34 NY2d 222), does not merit a $4,000 civil penalty and suspension of petitioner's right to prescribe controlled substances for a period of one year (see *Matter of West v New York State Dept. of Health,* 71 AD2d 597). Considering this doctor's long record of unselfishly administering to the sick and the fact that there is very little likelihood of a repetition of any misconduct, we conclude that the maximum sanction that could be supported by this record is a $2,000 fine (see *Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874; *Matter of Henry v Wilson,* 85 AD2d 885; *Matter of West v New York State Dept. of Health, supra*). All concur, except Simons, J. P., and Hancock, Jr., J., who dissent and vote to confirm the determination, in the following memorandum.

Simons, J. P., and Hancock, Jr., J. (dissenting). We would confirm the determination of the comissioner. The evidence supporting his order is not insubstantial nor is the penalty shocking. Accordingly, the order is immune from change by this court (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). (Article 78

proceeding transferred by order of Monroe Supreme Court, Provenzano, J.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.