In the Matter of IRVING NEVIAS, Respondent, v DEPARTMENT OF GENERAL SOCIAL SERVICES et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Commissioner of the New York City Human Resources Administration as, upon finding petitioner guilty of certain misconduct, after a hearing, demoted him from the position of administrative manager to that of supervisor III (welfare), the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated January 6, 1981, which vacated the penalty of demotion, directed that petitioner be reinstated to his former position and directed that the penalty imposed be a suspension of seven days. Judgment modified, on the law, by deleting the provisions directing petitioner's reinstatement to his former position and the imposition of a seven-day suspension, and substituting a provision remitting the matter to the Commissioner of the Human Resources Administration for the imposition of an appropriate penalty, which shall not exceed a suspension for seven working days. As so modified, judgment affirmed, without costs or disbursements. Special Term correctly determined that the penalty of demotion from administrative manager to supervisor III (welfare), with a consequent reduction in pay, was shocking to one's sense of fairness (see *Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279; *Matter of Pell v Board of Educ.*, 34 NY2d 222). However, the precise sanction to be imposed should be left to the discretion of the Commissioner (see *Rob Tess Rest. Corp. v New York State Liq. Auth.*, 49 NY2d 874; *Matter of Harris v Mechanicville Cent. School Dist., supra*). Damiani, J. P., Titone, Mangano and Weinstein, JJ., concur.