■ In the Matter of RONALD FOX, Petitioner, v JOHN P. FINNERTY, as Sheriff of Suffolk County, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the Sheriff of Suffolk County, dated June 19, 1981 and made after a hearing, which found petitioner guilty of certain misconduct and dismissed him from his position as a correction officer. Petition granted to the extent that the determination is modified, on the law, by vacating the penalty imposed. As so modified, determination confirmed, without costs or disbursements, petition otherwise dismissed on the merits and the matter is remitted to the Suffolk County Sheriff for the imposition of a new penalty in accordance herewith. We note that with respect to one of the charges, i.e., that petitioner unjustifiably interfered with a lawful business, the proprietor of that business testified that he did not feel that his business had been interfered with in any way. We note, too, that one of the findings of fact made by the hearing officer, and adopted by the respondent, Sheriff of Suffolk County, was that petitioner was in possession of a loaded pistol and that such possession magnified the seriousness of his being intoxicated. The record reveals that petitioner was authorized to carry a gun and that the weapon was never any kind of a factor in the incident. The petitioner never displayed the weapon and apparently the complaining witness was not even aware that petitioner was armed. After the incident complained of was over, and while the police officers were outside the premises preparing to drive petitioner home, one of the officers, realizing that petitioner was a peace officer, asked him if he was carrying a gun. Petitioner readily admitted it and turned the weapon over to the officer. However, we find that there was substantial evidence to sustain charges of misconduct against the petitioner. That determination therefore must be sustained (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-181). The penalty imposed, however, dismissal from employment, is so disproportionate to his misconduct in light of all the circumstances

so as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.*, 34 NY2d 222). We have considered his prior conviction of harassment. Additionally, we have considered the fact that petitioner has been a correction officer for approximately 14 years and has attained the rank of sergeant. Furthermore, petitioner is on the list for promotion to lieutenant. While his acts of misconduct should not be treated lightly, the penalty of dismissal was, in our view, disproportionate (cf. *Matter of Chaleff v Codd*, 64 AD2d 596). The precise sanction to be imposed, however, should be left to the discretion of the Sheriff (see *Rob Tess Rest. Corp. v New York State Liq. Auth.*, 49 NY2d 874; *Matter of Nevias v Department of Gen. Social Servs.*, 86 AD2d 871). Bracken, Rubin and Boyers, JJ., concur.

O'Connor, J. P., dissents, insofar as the penalty imposed has been vacated, and votes to confirm the determination in its entirety, with the following memorandum: Petitioner, a sergeant correction officer, was dismissed by the Sheriff of Suffolk County for having improperly attempted, while armed and inebriated, to make a gambling arrest of a card-playing bar patron. Petitioner's misconduct did not subject his employer merely to scorn and ridicule, but also to the distinct possibility of a civil action for damages. Petitioner's misconduct clearly manifested his unfitness for the office he held and the danger he posed while armed with a gun and the power and privilege of a peace officer. He was fired for abusing his office. I do not find the penalty of dismissal shocking. I therefore vote to confirm the determination in its entirety.