■ ALBERT J. STEVENSON, Petitioner, v SPENCERPORT CENTRAL SCHOOL DISTRICT et al., Respondents. — Determination unanimously modified, and, as modified, confirmed, without costs, and matter remitted to respondent Spencerport Central School District for imposition of an appropriate penalty, in accordance with the following memorandum: Petitioner, superintendent of buildings and grounds for Spencerport Central School District, seeks in this CPLR article 78 proceeding to annul a determination of respondent school district, affirmed by the Monroe County Civil Service Commission, finding him guilty of one count of misconduct and one count of insubordination and imposing the penalty of dismissal. We find substantial evidence in the record to support the finding of misconduct arising from his paying one individual for painting work done by another. The other count, charging insubordination in exceeding the budget appropriation without obtaining authorization from his superiors, while presenting a close question, is also supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). We find the penalty, however, to be " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ., supra,* p 233). There is no suggestion that petitioner's actions involved the "persistent unwillingness to accept the directives of his superiors" which warranted dismissal in *Matter of Short v Nassau County Civ. Serv. Comm.* (45 NY2d 721, 723) or the outright defiance of a direction as in *Matter of Harris v Mechanicville Cent. School Dist.* (45 NY2d 279). The record establishes that no moral turpitude or personal benefit was involved in either charge, and petitioner offered what he considered to be a valid explanation for his actions (see *Matter of Henry v Wilson,* 85 AD2d 885). Under the totality of the circumstances, including his concededly excellent employment record during 10 years of service, the penalty of dismissal is excessive. An appropriate sanction may be as light as a letter of reprimand or as severe as 60 days' suspension without pay. We remit for imposition of an appropriate sentence (see *Matter of Harris v Mechanicville Cent. School Dist., supra,* p 285). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Rosenbloom, J.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.