■ In the Matter of MURIEL BIEBER, Petitioner, v JOHN A. PASSIDOMO, as Commissioner of the Department of Motor Vehicles, Respondent. — Proceeding pursuant to CPLR article 78 to review an order of the Commissioner of Motor Vehicles dated March 26, 1984, revoking petitioner's operator's license, following a hearing and administrative review.

Petition granted, on the law, without costs or disbursements, to the extent of vacating the penalty imposed, proceeding otherwise dismissed on the merits, and matter remitted to the Commissioner of Motor Vehicles for the imposition of a new penalty which shall not exceed a suspension of petitioner's operator's license for a period of 30 days.

On June 30, 1981, at about 8:43 A.M., while petitioner was backing her car out of her driveway into two-lane, north-south Forshay Road, a vehicle driven northbound by Norman Kostroff contacted the left rear bumper guard of her car, leaving a "nick". The Kostroff vehicle continued northward, crossed over into the southbound lane and struck a telephone pole on the shoulder of the southbound lane of Forshay Road. Kostroff was fatally injured and his passenger was injured.

The Commissioner of Motor Vehicles thereafter instituted hearing proceedings against petitioner under section 510 of the Vehicle and Traffic Law, and a hearing was conducted before an administrative law judge. At the hearing, various documents (including petitioner's accident report and a police accident report) were placed into evidence. Although the police report indicates that there was a witness (Arnold L. Seligson), and that Kostroff's passenger (Ethel Mishkin) survived the accident, the only testimony at the hearing was from petitioner. At the conclusion of the hearing, the administrative law judge recommended revocation of petitioner's license and found, *inter alia,* as follows: "Having looked as she stated she did and having an unobstructive [*sic*] view of both north and southbound traffic on Forshay Road and having admitted to having seen at least one other vehicle proceeding north on Forshay Road, I find [petitioner's] continuing to back out onto the road to have been unsafe".

On appeal, the Department of Motor Vehicles Administrative Appeals Board found as follows: "It is undisputed that appellant vehicle when backing out came in contact with a vehicle proceeding legally on the highway, thus there is substantial evidence to support a finding that appellant backed her vehicle and such movement could not be made with safety and without interfering with other traffic in violation of Section 1211 (a) of the V&T Law. However, in view of the unfortunate circumstances surrounding this accident on [*sic*] appellant's previously

unblemished operating record revocation appears unduly harsh and a 30 day suspension seems adequate to induce appellant to take greater precautions in the future."

The appeals board concluded that the determination of the administrative law judge should be "modified by amending the revocation to a 30 day suspension".

Upon further review, however, the Commissioner of Motor Vehicles disapproved the appeals board's recommendation and reinstated the revocation imposed by the administrative law judge.

We conclude on the record before us that because petitioner should have kept Forshay Road under continuing proper eye observation as she was backing out of her driveway and could have and should have seen any northbound vehicles, the finding of unsafe backing was supported by substantial evidence. However, there is also evidence in this record that the protrusion of petitioner's car into Forshay Road and the contact with the Kostroff vehicle were minimal and that the Kostroff vehicle had the same unobstructed view as did petitioner.

Indeed, the Kostroff vehicle may have been driven at an excessive rate of speed and its operator may have overreacted. We also note that petitioner, who serves her community as an emergency medical technician, has had a previously unblemished operating record and requires her license to drive to and from her employment as a teacher in the Ardsley public school system. Under all of the circumstances, the petition should be granted to the extent of vacating the penalty of revocation and remitting the matter to the commissioner for the imposition of a new penalty which shall not exceed a suspension of petitioner's license for a period of 30 days (see *Matter of Rob Tess Rest. Corp. v State Liq. Auth.,* 49 NY2d 874). Thompson, J. P., Weinstein, Brown and Boyers, JJ., concur.