■ VAN DEMARK CHEMICAL CO., INC., Petitioner, v HENRY G. WILLIAMS, as Commissioner of the New York State Department of Environmental Conservation, Respondent. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: The findings of the Commissioner of the Department of Environmental Conservation (D.E.C.) that petitioner

violated ECL article 19 (ECL 19-0107, subd 3) by negligently causing an emission of hydrogen chloride into the air warranting a civil penalty of $2,500 are supported by substantial evidence (CPLR 7803, subd 4; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Here, following an adjudicatory administrative hearing, the administrative law judge concluded that there had been a violation of the regulations prohibiting air pollution (6 NYCRR 211.2, 257-1.4) but that no penalty was warranted since there was no negligence on the part of petitioner (ECL 71-2109). A hearing officer's findings are entitled to considerable weight and are significant in determining whether substantial evidence exists to support the charges, but they may be overruled as they were in this case (*Matter of Simpson v Wolansky,* 38 NY2d 391, 394; *Matter of Henry v Wilson,* 85 AD2d 885). Evidence of postaccident design change, which consisted here of the installation of a double valve (redundant valving) in the pipeline to provide a backup valve, was admissible at the administrative hearing to show negligence (see 6 NYCRR 622.12 [e] [4]; see, also, *Matter of Ford v Dumpson,* 47 AD2d 621; *Matter of Del Valle v Sugarman,* 44 AD2d 523; cf. *Caprara v Chrysler Corp.,* 52 NY2d 114, 122). The Commissioner properly relied on the Department of Environmental Conservation publication entitled "Technology for the Storage of Hazardous Liquids", which described "redundant valving" as "an advisable practice in all product transfer operations" and "an inexpensive way to avoid spills". Although this publication was dated one month before the accident, it was compiled from references dating back to at least 1973. Evidence of existing technology utilized by others in the industry is competent to show the requisite standard of care (*Garthe v Ruppert,* 264 NY 290, 296; *Colon v Bridge Plaza Rental Corp.,* 46 AD2d 13, 18). The D.E.C. publication described state-of-the-art technology in existence prior to its publication and did not purport to present information about technology not yet in use. In any event, the underlying question was whether, in light of the "risk reasonably to be perceived" (*Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344), a reasonable handler of hazardous liquids should have taken the inexpensive precaution of installing the double valve. Substantial evidence in the record, including the admission of petitioner's president that double-valving was "the thing to do" supports the determination. (Article 78 proceeding transferred by order of Supreme Court, Niagara County, Hannigan, J.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.