■ In the Matter of EDWIN L. MUNGER, Petitioner, v VERNER M. DROHAN, as Mayor of City of Fulton, et al., Respondents.—Determination unanimously modified, on the law, and, as modified, confirmed, without costs, and matter remitted to respondent Hogan for imposition of an appropriate penalty, all in accordance with the following memorandum: We find the evidence in the record insufficient to establish charge 2 against petitioner, that he caused irreparable damage to a city vehicle by overloading it, and to establish the second part of specification 2 of charge 3, that petitioner was not truthful in saying that for the past five or six years he had purchased sand and gravel and given half to the sewage treatment plant. In all other respects, the findings are af-

firmed. The penalty of dismissal under the circumstances, and in light of our dismissal of charge 2, is shocking to our sense of fairness. We remit the matter to respondent Hogan to fix a penalty which may be as light as a reprimand but may not exceed two months' suspension without pay (Civil Service Law § 75 [3]; *see, Rob Tess Rest. Corp. v New York State Liq. Auth.*, 49 NY2d 874; *Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279; *Stevenson v Spencerport Cent. School Dist.*, 97 AD2d 969, *lv dismissed* 62 NY2d 644). Petitioner is entitled to back pay from December 21, 1982 to the date of his reinstatement, minus any period of suspension imposed on remittitur and minus any earnings petitioner otherwise received *(see, Sinicropi v Bennett, 92 AD2d 309, affd 60 NY2d 918).* (Article 78 proceeding transferred by order of Supreme Court, Oswego County, Sullivan, J.) Present—Hancock, Jr., J. P., Callahan, Doerr, Pine and Schnepp, JJ.