■ In the Matter of the COUNTY OF MONROE et al., Petitioners, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, Respondents. SECURITY AND LAW ENFORCEMENT EMPLOYEE COUNSEL 82, AFSCME, et al., Intervenors-Respondents.—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: This proceeding, which was transferred to this court (CPLR 7804 [g]), seeks to vacate respondent Public Employment Relations Board's (PERB) determination that changes in the job descriptions of Monroe County Deputy Sheriffs requiring the performance of civil duties by all Deputies, which petitioners were otherwise authorized to make pursuant to their collective bargaining agreement with the Deputies, constituted an unfair labor practice in violation of Civil Service Law § 209-a (1) (a). The question for our determination is whether PERB's decision is rationally and reasonably supported by the evidence. In cases, as here, where questions of substantial evidence and statutory construction are raised together, "[i]f the agency's determination is not supported by substantial evidence or it constitutes a clearly erroneous interpretation of the law or the facts, it will be annulled * * * but if it is supported by facts or reasonable inferences that can be drawn from the record and has a rational basis in the law, it must be confirmed" (Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400, rearg denied 62 NY2d 943).

The improper labor practice charge of the Deputies' union was dismissed by an Administrative Law Judge (ALJ) following a hearing at which the parties stipulated that the requirement that Deputies perform civil duties would allow a new Sheriff to remove them without cause and without recourse to the grievance procedures specified in the collective bargaining agreement (see, Matter of Reese v Lombard, 60 AD2d 793, affd 46 NY2d 904). On appeal, PERB made findings of fact that, "[c]onsidering the totality of the evidence * * * the action taken by [petitioners] was intended to effectively annul a key provision of a collective bargaining agreement affecting all [bargaining] unit employees other than those in the Civil Bureau, to wit, job security" and that the Sheriff was improperly motivated and did not undertake the changes for bona fide business reasons. PERB noted that the Sheriff's action affected "potential rather than immediate rights" because the "change can affect employees only when, at some future time,

a new Sheriff will take office." These factual findings are supported by substantial evidence in the record.

The ALJ found that because of the speculative nature of the harm, no improper labor practice existed. PERB, in reversing on the law, held that the Taylor Law (Civil Service Law art 14) was violated notwithstanding the presence of only potential injury. Civil Service Law § 209-a (1) (a) provides that "[i]t shall be an improper practice for a public employer or its agents deliberately * * * to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section two hundred two for the purpose of depriving them of such rights". Section 202 states that "[p]ublic employees shall have the right to form, join and participate in * * * any employee organization of their own choosing." In addition to these provisions, section 203 provides that "[p]ublic employees shall have the right to be represented by employee organizations to negotiate collectively with their public employers in the determination of their terms and conditions of employment". PERB's construction of these provisions as it relates to this case is that sections 202 and 203 are "intimately related", that "[a]ction taken for the purpose of frustrating the right of representation [under section 203] necessarily has a chilling effect on the § 202 right of organization and is inherently destructive of that right * * * and violates § 209-a." In sum, because the Sheriff's purpose was the destruction of job-security procedures contained in the collective bargaining agreement without a legitimate business reason, the unilateral change in job description "constituted improper coercion" which frustrated the section 203 right of representation and amounted to an improper practice under section 209-a (1) (a). PERB's interpretation of the statute has a rational basis and should not be disturbed (see, Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400, supra). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Patlow, J.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.