■ In the Matter of EDWARD J. MILLER et al., Petitioners, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Respondent.—Determination unanimously annulled on the law with costs and petition granted, in accordance with the following memorandum: In this proceeding transferred pursuant to CPLR 7804 (g), petitioners seek to annul the determination by the Commissioner of Health which found that petitioners had violated the Public Health Law by using misleading and deceptive advertising and assessed a civil penalty. Petitioners were charged with four separate violations of article 34 of the Public Health Law and the applicable regulations of the Commissioner. Following a hearing, the Administrative Law Judge issued a comprehensive written report recommending dismissal of all charges. The Commissioner rejected the findings of the Administrative Law Judge as being contrary to the evidence and sustained all four charges. This article 78 proceeding ensued.

Judicial review of a determination made by an administrative agency is limited to a consideration of whether there is substantial evidence on the whole record to support it *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Henry v Wilson,* 85 AD2d 885). An administrative official may overrule a Hearing Officer's findings, but the Officer's findings are entitled to considerable weight and are significant in determining whether substantial evidence exists to support the charges *(Matter of Simpson v Wolansky,* 38 NY2d 391, 394; *Matter of Kelly v Murphy,* 20 NY2d 205; *Matter of Henry v Wilson, supra).*

Charge 1 alleges that petitioner Miller Funeral Homes, Inc. used misleading and deceptive advertising in the 1985 Greater Rochester Yellow Pages by using the name "N.J. Miller & Son Funeral Home" in its advertisement when that name was not registered with the Department in violation of 10 NYCRR 77.5 (c) (5). A review of the record reveals that the listing was incorrect due to an error by the printer and, furthermore,

that the listing did not offer services in the name of "N.J. Miller & Son Funeral Home" but merely referred persons to Miller Funeral Homes, Inc., a duly registered funeral home. Thus, there is not substantial evidence to support violation of 10 NYCRR 77.5 (c) (5). The intent of that regulation is to prevent advertising and the performance of services by unlicensed firms or individuals.

We also find that the Commissioner's determination sustaining charges 2 and 3 to be without substantial evidentiary support in the record. These charges allege that petitioner used misleading and deceptive advertising in violation of Public Health Law § 3443 in advertisements that appeared in the 1985 Greater Rochester Yellow Pages (charge 2) and St. Anne's Church bulletin (charge 3) by using the wording "Owned and operated by the Miller Family" when the entire Miller family is not licensed and registered. Public Health Law § 3443 (1) prohibits the use of the "name of any living person" who has not been duly licensed and registered in connection with the name of a firm engaged in funeral directing. The use of the phrase "Miller family" is not use of the "name of any living person" within the purview of Public Health Law § 3443. Thus the phrase "Owned and operated by the Miller family" does not constitute a violation of the statute and the Commissioner's determination to the contrary constitutes a clearly erroneous interpretation of the law and must be annulled (cf., Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400; Matter of County of Monroe v Newman, 125 AD2d 1002).

Charge 4 which alleges that the petitioner "failed to exercise adequate supervision, management and control to prevent the above violations as required by 10 NYCRR 77.8 (e)" cannot be sustained as there is not substantial evidence in the record to sustain charges 1 through 3.

Since the action of the Commissioner in overruling the Administrative Law Judge's findings is not supported by substantial evidence, it must be annulled and the petition granted (Matter of Simpson v Wolansky, supra, at 394; Matter of Henry v Wilson, supra; see, Matter of Brewer Funeral Home v Axelrod, 73 AD2d 991). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Tillman, J.) Present —Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.