■ ANTHONY TROTTA, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, Respondent.— Determination of respondent dated December 14, 1987, modified, on the law and the facts, the petition is granted to the extent of annulling the penalty and remanding the matter to the respondent for reconsideration, and except as thus modified, the determination is otherwise confirmed, without costs. Kupferman, J. P., concurs in a memorandum in which Kassal, J., concurs; Asch, J., concurs in a separate memorandum in which Kassal, J., likewise concurs; and Milonas and Smith, JJ., dissent in a memorandum by Milonas, J., all as follows:

Kupferman, J. P. (concurring).

In reviewing the record, we find that there was substantial evidence to support the Commissioner's determination that petitioner wrongfully possessed and ingested a quantity of a controlled substance to wit, marihuana *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The two Syva Emit-st drug detection system tests, known as EMIT tests, performed on petitioner's urine samples were sufficiently accurate and reliable to provide a rational and substantial basis for the finding of petitioner's guilt of the charges *(Matter of Lahey v Kelly,* 71 NY2d 135). Indeed, an additional test, known as the bonded phase TLC, further confirmed the positive results of the EMIT tests. Furthermore, the Department's witness, a licensed supervisor of the Substance Abuse Services of the State of New York, was properly found by the Hearing Officer to be "sufficiently trained and expert" to testify, as an expert, on the substantive results of the drug tests *(see, Pereira v Pereira,* 35 NY2d 301, 307).

Finally, while petitioner's misconduct is considered a violation, the penalty of dismissal for a seasoned veteran seems excessive *(Matter of Pell v Board of Educ.,* 34 NY 222, 231), and we remand for imposition of a lesser penalty. *(See, Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874, 876.)

Asch, J. (concurring).

I agree that there was substantial evidence at the hearing to support the determination that petitioner used cannabis.

The Court of Appeals has determined that the positive results of an EMIT test, when confirmed by the results of a second EMIT test, constitute substantial evidence *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 138).

However, under the circumstances of this case, termination of petitioner's employment was " 'shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). Petitioner took this urine test voluntarily, as a condition of promotion to detective. There was no indication petitioner had ever been involved with drugs or drug abuse in the 16½ years during which he had served as a police officer. In addition, petitioner had never been cited for dereliction of duty, for being late to work, or for taking too much sick time. This unblemished record might not suffice to warrant a less severe punishment if petitioner had tested positive for cocaine or heroin. However, while even a single use of cannabis is certainly not proper for a police officer and warrants punishment, the Legislature has seen fit to "decriminalize" the possession of a small amount of marihuana for personal use (Marihuana Reform Act of 1977 [L 1977, ch 360]). The purpose of the act was expressly to insure that "the conduct which this act makes a violation not be subjected to unduly harsh sanctions" (L 1977, ch 360, § 1).

Petitioner, accordingly, is *not* guilty of a crime, but simply an offense *(see,* Penal Law § 221.05). Under all these circumstances, I believe the penalty of dismissal was completely disproportionate to the offense, and I would modify solely to vacate the penalty and remand with the recommendation that a lesser penalty be imposed.

Milonas, J. (dissenting in part).

In my opinion, the determination being appealed herein should be confirmed in its entirety and the petition dismissed. The question of the appropriate penalty to be assessed against petitioner is a matter which should be decided by the administrative agency involved. Accordingly, absent some indication

that the punishment imposed by the Police Commissioner is somehow shocking to one's sense of fairness or otherwise constitutes an abuse of discretion, this court lacks the authority to substitute its judgment for that of respondent *(Matter of Pell v Board of Educ.,* 34 NY2d 222).