■ In the Matter of FREDERICK J. BRUNNER, Respondent, v RAUL RUSSI, as Chairman of the New York State Board of Parole, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: After a hearing, a three-member panel of the Parole Board denied petitioner's application for release on parole supervision and determined that he should be held for an additional 24 months before he could reapply for release.

That determination was affirmed by the Appeals Unit of the Division of Parole. Petitioner commenced a CPLR article 78 proceeding to annul the determination.

As the Division concedes on its appeal, because the same person participated as a member of the hearing panel and the Appeals Unit (see, 9 NYCRR 8006.4 [d]) and because the Appeals Unit failed to comply with the 20-day notice provision of its letter, Supreme Court properly granted the petition to the extent of remitting the matter to the Appeals Unit for a de novo administrative review of the hearing panel's determination. The Division contends, however, that Supreme Court erred in concluding that the 24-month hold period should be reduced to 12 months. We agree.

Where a duly constituted administrative board has imposed a penalty, the court in an article 78 proceeding may determine that the penalty imposed was excessive and state the maximum penalty the record will sustain (see, Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d 874, 876). In the instant matter, however, Supreme Court remitted the matter because the Appeals Unit was not duly constituted. Thus, the initial determination by the Appeals Unit was a nullity, and administrative remedies have not been exhausted. On remittal, the Appeals Unit must consider whether the hearing panel properly denied petitioner's application for release on parole as well as the penalty to be imposed if it upholds the denial. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Article 78.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.