■ In the Matter of PBL ENTERTAINMENT, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [599 NYS2d 38] —Judgment, Supreme Court, New York County (Carol H. Arber, J.), entered April 2, 1992, modified, on the law, only to the extent of remitting the matter to respondent for imposition of a reduced penalty not to exceed a suspension of petitioner's license for more than 15 days and a bond claim of $500 *(see, Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874). As so modified, the order is otherwise affirmed for the reasons stated by the IAS Court, without costs. Concur —Murphy, P. J., Carro and Kupferman, JJ.

Sullivan, J., dissents in a memorandum as follows: Since I find that the sanction imposed, a 45-day suspension plus $1,000 bond forfeiture, represents a rational exercise of discretion, I would reverse and reinstate the sanction.

In imposing the measure of punishment, the Authority considered the nature and gravity of the violations involved, a sale to a person under the age of 21 and, after request, a

refusal to provide a certificate of disposition, as well as petitioner's prior record of infractions, which includes:

"6/21/78—Letter of Warning—Disorder on 10/16/77.

"3/20/81—Advise Letter—Noise on 10/19/80.

"5/14/85—30 days forthwith remitted upon payment of $7,500—Improper conduct and felony conviction.

"9/8/87—Letter of Warning—altercation on 8/1/87.

"12/2/87—20 days forthwith plus $1,000 bond claim—disorder assault on 12/8/84 (sustained after judicial review)."

Given such a record, I am at a loss to understand why the sanction imposed herein is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' ", the standard that must be met before judicial interference with the administrative sanction is warranted. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364.) "[T]he courts must recognize the capability, competence, and experience of the administrative agency in the fashioning of regulatory penalties." *(Matter of Ahsaf v Nyquist,* 37 NY2d 182, 186.) While petitioner does not have a prior record of selling to a minor, its disciplinary record goes back to 1978 and includes two violations of a serious nature as well as two letters of warning and an advise letter. *(Cf., Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874.)

Since the penalty imposed is not excessive, it should not be disturbed. *(See, Matter of Harari Rest. Corp. v McLaughlin,* 55 NY2d 730.)