■ In the Matter of JOANNE D. CRISCITELLO, Respondent, v JOHN R. DATTORIA et al., Appellants.—Order, Family Court, Broome County, entered November 9, 1976, affirmed, without costs (see *Matter of Bickford v Bickford,* 55 AD2d 719). Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of LYNDON GIBSON, Petitioner, v BOARD OF EDUCATION OF THE NORWOOD-NORFOLK CENTRAL SCHOOL, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of the respondent which dismissed the petitioner from his job pursuant to section 75 of the Civil Service Law. The record establishes that when the respondent terminated the petitioner from his employment, he had already obtained permanent civil service status as a janitor and could not be removed without complying with the procedures of section 75 of the Civil Service Law. Accordingly, the respondent could only suspend the petitioner for 30 days without pay and upon a dismissal following a hearing he was entitled to salary until the final determination was made *(Matter of Yeampierre v Gutman,* 52 AD2d 608; *Matter of Lytle v Christian,* 47 AD2d 824). Upon this record the respondent erred in attempting to deny salary to the petitioner for a period beyond 30 days. The findings of the respondent that the petitioner had engaged in the conduct specified in the charges are supported by the testimony at the hearing held herein. Upon review, there is substantial evidence that the petitioner was incompetent in the performance of his duties. Determination modified by directing that the respondent pay the salary of petitioner from January 31, 1976 to August 10, 1976 except for the 30-day period immediately following June 11, 1976 subject to the provisions of section 77 of the Civil Service Law, and, as so modified, confirmed, with costs to petitioner. Kane, J. P., Larkin and Herlihy, JJ., concur; Main and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). The record in this case does not establish by substantial proof that the petitioner did not do the work required of him or that he performed the work in an incompetent manner. The record, at best, indicates that on one, two, or perhaps three occasions over a period of almost two years the petitioner had not performed his work in a manner that satisfied his superior. Dismissal for minor offenses is not favored in view of his civil service protection *(Matter of Bovino v Scott,* 22 NY2d 214; *Matter of Escher v Hall,* 37 AD2d 1013). The evidence is not enough to justify his dismissal. The determination should be annulled, and the petitioner reinstated to his job with back pay from January 31, 1976 to the date of his reinstatement pursuant to the order of this court, less any unemployment insurance benefits he may have received during those periods.