OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
 

 We agree with both courts below that the record supports the determination of the Nassau County Civil Service Commission sustaining the charges arising out of petitioner’s refusal on April 19, 1972 to sign and file claims for reimbursement of expenditures in the sum of approximately ten million dollars. We also conclude, in agreement with Special Term but disagreement with the majority at the Appellate Division, that the record sustains the commission’s determination that petitioner was likewise guilty of misconduct and insubordination and dereliction of duty in consequence of his distribution of a memorandum dated March 9, 1972 indicating that the salaries of all departmental personnel assigned to the Nassau County Medical Center and involved in referrals to the Family Planning Clinic would be deleted from all claims for reimbursement on the ground that they were in violation of policies and directives of the County Department of Social Services.
 

 We further agree with Special Term that the penalty of dismissal in the circumstances disclosed in this record was not excessive and that its imposition did not constitute an abuse of discretion.
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 233.) The record supports the findings of Special Term that the "insubordination and misconduct was substantial, deliberate, defiant and * * * unrepented [and that] [t]here is no indication whatever that the same or similar conduct would
 
 *723
 
 not be repeated if Short were allowed to return to work”. In these circumstances it was within the range of the discretion permitted and of the responsibility reposed in the commission to determine that the appropriate penalty was termination and severance from departmental employment. We accept the contention of petitioner that the record does not disclose misconduct involving moral turpitude, or self-benefit in any economic sense. However, it was petitioner’s persistent unwillingness to accept the directives of his superiors which warrants the conclusion reached by the commission.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order reversed, etc.