■ In the Matter of PAMELA TILFORD, Petitioner, v COUNTY OF WESTCHESTER et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner-Medical Director of the Westchester County Medical Center, dated August 10, 1977, which, after a hearing, dismissed petitioner from her position. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner, who worked the night shift as a senior psychiatric aide at the Westchester County Medical Center (the Center), was charged with misconduct in refusing to obey orders given to her by superiors. These charges, *inter alia,* included the following: (1) that on May 29, 1975 petitioner refused to do "Constant Observation" of a suicidal patient; (2) that on July 9, 1976 petitioner refused to accompany a patient from the Center's admitting unit to the patient's assigned unit; (3) that on the latter date petitioner refused to attend two meetings; and (4) that on November 10, 1976 petitioner refused an order to wash thermometers. A hearing on the charges was held before a hearing officer designated by the respondent commissioner-director of the Center. The hearing officer, in a report dated July 21, 1977, found petitioner guilty of the charges and recommended a 60-day suspension without pay. The respondent commissioner-director *determined not to follow* the recommended penalty but instead to impose a penalty of dismissal. The sole issue raised here is whether the penalty was excessive. We hold that the penalty imposed is not "shocking to one's sense of fairness" (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 237). In reaching that conclusion we find the following factors significant: petitioner's behavior indicates an unwillingness to accept directives from superiors (cf. *Matter of Short v Nassau County Civ. Serv. Comm.,* 45 NY2d 721); and her misconduct was not an isolated or trivial incident (cf. *Matter of Harris v Mechanicville Cent. School Dist.,* 45 NY2d 279), but serious acts with a grave risk of harm to the patients of the institution employing her. Accordingly, we uphold the penalty imposed. Mollen, P. J., Suozzi, O'Connor and Mangano, JJ., concur.