■ In the Matter of Louis LUCHESO, Petitioner, v JOHN C. DILLON, as Sheriff of Onondaga County, Respondent. — Determination unanimously confirmed, without costs, stay vacated and petition dismissed. Memorandum: This is an article 78 proceeding transferred to this court pursuant to CPLR 7804 (subd [g]) by order of Supreme Court to review a determination by the Onondaga County Sheriff dismissing petitioner from service as a Deputy Sheriff for misconduct. Additionally, that order stayed the enforcement of the dismissal and reinstated petitioner as a Deputy Sheriff pending completion of this proceeding. Petitioner entered the employ of the Onondaga County Sheriff's Department in 1967. He was assigned for several years in the transport department until transferred by the Sheriff in March, 1978 to cell block duty. Petitioner was displeased with this transfer and on numerous occasions sought reassignment to his former position. While advised that assignments were within the discretion of the jail administration and necessary for the orderly operation of the Sheriff's department, he persisted in seeking the reassignment and on more than one occasion made a request of his superiors to see his "conspiracy file". Since none existed he was shown his personnel file. On two occasions prior to his dismissal, petitioner was disciplined for abuse of sick leave, refusal to obey a direct order and neglect of the duties and responsibilities of his job. Petitioner was ordered by letter from the Sheriff, John C. Dillon, dated September 28, 1979, to report to Dr. Leonard Goldfarb on October 12, 1979 to undergo a mental examination. However, he refused to report for said examination as directed. Immediate disciplinary action was taken against him pursuant to notice and specification of charges alleging (1) that petitioner violated section 5.02 of the Onondaga County Sheriff's Department Duty Manual which requires that members obey lawful commands and orders and (2) that petitioner violated Onondaga County Work Rule No. 38 which prohibited the refusal to follow job instructions. A hearing was held before Francis I. Walter pursuant to section 75 of the Civil Service Law. The hearing officer found that petitioner had not kept the scheduled appointment with the doctor, had been involved in a progressive disciplinary scheme, and recommended that petitioner be dismissed. Our only inquiry is whether there exists substantial evidence in the record to support the findings relied upon by the Sheriff *(Matter of Pell v*

*Board of Educ.,* 34 NY2d 222; *Matter of Gristmacher v Felicetta,* 57 AD2d 444). A review of the record sustains the determination that by his refusal to comply with the direct order of his superior officer to undergo a mental examination, petitioner was guilty of insubordination. The letter to petitioner specifically stated that the Sheriff was invoking his power under subdivision 1 of section 72 of the Civil Service Law in ordering the specified examination and further stated that noncompliance would subject petitioner to disciplinary action. We further agree that the penalty of dismissal in the circumstances as quoted in this record was not excessive in that its imposition did not constitute an abuse of discretion *(Matter of Pell v Board of Educ., supra,* p 233). Petitioner's persistent unwillingness to accept directives of his superiors warrants the conclusions reached by the hearing officer and adopted by the Sheriff *(Matter of Short v Nassau County Civ. Serv. Comm.,* 45 NY2d 721; *Matter of Whittington v Porcari,* 35 NY2d 839; *Matter of Smart v Francis,* 35 NY2d 872). (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present — Cardamone, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.