OPINION OF THE COURT
Samuel L. Green, J.
In this CPLR article 78 proceeding, petitioner Envirogas, Inc., seeks a determination that subdivision (q) of section 4 of the zoning ordinance of respondent Town of Kiantone (Town) is null and void. The ordinance provides that no oil or gas well shall be constructed in the Town without prior payment of a $2,500 compliance bond and a $25 permit fee.
Petitioner engages in the business of developing and producing oil and gas. The Town issued an appearance ticket and a warrant of arrest which required petitioner to appear on December 14, 1981 before respondent Mason, the Town Justice of Kiantone, to answer a November 23, 1981 charge of violating subdivision (q) of section 4 of the zoning ordinance. This proceeding, commenced by order to show cause, seeks to enjoin enforcement of this section of the ordinance on the ground that it has been superseded and nullified by a recent amendment to ECL article 23 (ECL 23-0303, subd 2): “The provisions of this article shall *433 supersede all local laws or ordinances relating to the regulation of the oil, gas and solution mining industries; but shall not supersede local government jurisdiction over local roads or the rights of local governments under the real property tax law.” (L 1981, ch 846, § 4, subd 2.) This amendment became effective on August 26, 1981, three months before petitioner was charged with a violation of subdivision (q) of section 4.
Petitioner’s business, like that of all gas producers operating within New York State, is governed by State statutes (ECL art 23) and regulations (6 NYCRR 550 et seq.), which are designed to protect the public, prevent waste and ensure a greater ultimate recovery of oil and gas. For each well it has drilled in Chautauqua County petitioner has obtained a drilling permit from the Department of Energy Conservation (DEC) and has otherwise complied with all statutory and regulatory requirements. Respondents submit that the amendment to article 23 does not apply to local areas of concern not specifically addressed by the ECL. They contend, in the alternative, that the permit and bond requirements of subdivision (q) of section 4 of the zoning ordinance of the Town of Kiantone are justified by the exception in the ordinance for “local government jurisdiction over local roads.”
The mere fact that a State regulates a certain area of business does not automatically pre-empt all local legislation which applies to that enterprise (Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679, 683). But where a State law expressly states that its purpose is to supersede all local ordinances then the local government is precluded from legislating on the same subject matter unless it has received “clear and explicit” authority to the contrary. (Robin v Incorporated Vil. of Hempstead, 30 NY2d 347, 350-351.) This is so, as the Court of Appeals recently observed, because “the fount of the police power is the sovereign State, [and] such power can be exercised * * * only when and to the degree it has been delegated such lawmaking authority” (People v De Jesus, 54 NY2d 465, 468).
Prior to the recent amendment of ECL article 23, local ordinances requiring commercial oil and gas drillers to *434 post compliance bonds as a reasonable means of zoning enforcement were upheld (Envirogas, Inc. v Town of Westfield, 82 AD2d 117; see, also, Town Law, § 268). But the policy and purpose behind the recent amendment is not left to the imagination. Since the amendment specifically states that it is to “supersede all local laws or ordinances”, it pre-empts not only inconsistent local legislation, but also any municipal law which purports to regulate gas and oil well drilling operations, unless the law relates to local roads or real property taxes which are specifically excluded by the amendment.
The Town finally contends therefore, that subdivision (q) of section 4 of the zoning ordinance is valid and enforceable because the bond and permit fees are somehow related to subdivision (1) of section 4 which prohibits the deposit of hazardous materials on roadways within the Town and regulates the construction of roadside culverts and drains. This argument strains logic and reason for if it was tenable there would be no limit to the regulations which the Town could impose upon oil and gas development under the rubric of “jurisdiction over local roads.” If the Town’s concern in enacting bond and permit requirements was the protection of town highways then why not apply it to contractors, farmers and other operators of heavy equipment who are equally capable of damaging town roads?
Clearly the purpose of the “local roads” exception was to allow local officials to continue to assert weight and speed restrictions upon vehicles operated on their highways, whether or not these vehicles were utilized in oil and gas production. The Town of Kiantone, however, singled out oil and gas drillers for special treatment. The $2,500 compliance bond and $25 permit fee are requirements unique to oil and gas well drilling operations and do not apply to any other business or land use. This is precisely what the State amendment to ECL article 23 was designed to prevent.
The court in no way intends to belittle the Town’s concerns in passing subdivision (q) of section 4 of the zoning ordinance. In fact, the recent ECL amendment accommodates these concerns by permitting municipalities to request compensation for damages to property caused by oil and gas operations, by granting the DEC authority to *435 impose financial security requirements, and by requiring new well permit holders to notify both the local governments and the affected landowners of their intention to drill before beginning such drilling. Since the State Legislature clearly intended ECL article 23 to supersede and preclude the enforcement of all local ordinances in the area of oil and gas regulation, respondents’ actions are arbitrary and capricious and contrary to law. Respondents are permanently enjoined from enforcing subdivision (q) of section 4 of the Kiantone Zoning Ordinance against petitioner.