■ In the Matter of ROBERT B. PALMER, Petitioner, v COUNTY OF ONEIDA et al., Respondents. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this proceeding pursuant to CPLR article 78 to compel the reinstatement of petitioner to his position as map room supervisor for Oneida County, petitioner contends that his dismissal following a hearing held pursuant to section 75 of the Civil Service Law is not supported by substantial evidence and constitutes excessive punishment. The hearing officer found evidence to support 10 of the 16 charges of misconduct preferred against petitioner and recommended that petitioner be discharged. There is substantial evidence in the record to support these findings (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176), except those related to Charge No. 4 ("[w]hile you reported yourself for jury duty, you were not actually on jury duty"), Charge No. 6 ("[y]ou entered the County Building without permission during February and March of 1976, among other times") and Charge No. 14 ("[a]fter an attorney complained of your absence you visted [*sic*] that attorney to complain to him for reporting you"). In particular, there is substantial evidence that petitioner disregarded repeated warnings by his supervisors not to engage in specific acts of misconduct and demonstrated a "persistent unwillingness to accept the directives of his superiors" (*Matter of Short v Nassau County Civ. Serv. Comm.,* 45 NY2d 721, 723). This conduct involves insubordination (see *Matter of Di Vito v State of New York, Dept. of Labor,* 48 NY2d 761, 763; *Matter of Griffin v Thompson,* 202 NY 104, 113; *Matter of Pilawa v City of Utica,* 76 AD2d 103, 108) which warrants the penalty of dismissal (see *Matter of Short v Nassau County Civ. Serv. Comm., supra,* pp 722-723; *Matter of Lucheso v Dillon,* 80 AD2d 988, 989). Consequently, the penalty of dismissal, in the circumstances of this case, is not " 'so disproportionate to the offense * * * as to be shocking to one's sense of fairness.' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Petitioner's claim that his right to due process was violated by a biased hearing officer is without merit. (Article 78 proceeding transferred by order of Supreme Court, Oneida County, J. O'C. Conway, J.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.

■ SID BIRZON, INC., Respondent, v PINKERTON's INC., Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term properly denied plaintiff's motion for summary judgment on the issue of liability. The court erred, however, in determining, as a matter of law, "that the storage of plaintiff's merchandise with defendant at the time of plaintiff's loss, constitutes a bailment for the mutual benefit of both parties and not a gratuitous bailment." The record reveals unresolved questions which preclude a summary determination of the bailment issue. (Appeal from order of Supreme Court, Erie County, Doyle, J. — summary judgment.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.