■ In the Matter of CLARK D. BOLLIN, Petitioner, v CITY OF KINGSTON et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of the Mayor of the City of Kingston which, in a disciplinary proceeding, determined the guilt of petitioner and assessed a penalty. Petitioner, employed as a passenger bus driver by the City of Kingston since November of 1979, was charged in a proceeding brought pursuant to section 75 of the Civil Service Law with, *inter alia,* incompetence for having allowed his bus to run out of gas on five separate occasions, and misconduct for smoking while operating a bus on May 11, 1981. The hearing officer found petitioner guilty of both charges, dismissed two remaining charges of insubordination and lateness, and recommended that petitioner be suspended for two months without pay until September 18, 1981 (in addition to a 30-day suspension already imposed) and fined $100 (see Civil Service Law, § 75, subd 3). Respondents adopted the recommendation in full by order dated July 17, 1981. Petitioner contends that the findings of the hearing officer are not supported by substantial evidence. Specifically, he recites considerable evidence in the record that each bus involved had a defective gas gauge, making an assessment of the fuel level impossible. Petitioner testified that on the last breakdown, his gas gauge read one-quarter full, a statement corroborated by the city mechanic who serviced the bus. Moreover, petitioner asserts that as a driver on the "afternoon shift" he was not responsible for fueling the buses during this period of operation. While a review of the record confirms the existence of faulty gas gauges, it also shows that petitioner was cognizant of the defects, yet failed to take precautionary measures to ensure that his buses were sufficiently fueled. Contrary to petitioner's contentions, his supervisor testified that each driver was responsible for the fuel in his bus, and was required to check on each run. The fact that petitioner was assigned to the afternoon shift did not alleviate this responsibility. Under such circumstances, we cannot say the hearing officer's finding of negligence is not supported by substantial evidence. Petitioner's argument that his actions did not constitute misconduct is similarly without merit. The record establishes that petitioner was aware of

the rules and regulations prohibiting smoking on a city bus. Judith Kuba, assistant to the city planner, testified that she observed petitioner smoking a cigarette while operating a bus. Although petitioner argues he was merely handling an unlit cigarette, this conflict in testimony presented a factual question of credibility for resolution by the hearing officer. Finally, under the circumstances, we cannot characterize the punishment imposed as shocking to one's sense of fairness or unreasonably harsh and excessive (Civil Service Law, § 75, subd 3; *Matter of Pell v Board of Educ.*, 34 NY2d 222; *Matter of Pietranico v Ambach,* 82 AD2d 625, affd 55 NY2d 861). Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.