■ In the Matter of DANIEL J. DRISCOLL, Respondent, v DEPARTMENT OF FIRE OF THE CITY OF SYRACUSE et al., Appellants. — Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: This appeal involves a CPLR article 78 proceeding brought by petitioner Daniel Driscoll against respondent Department of Fire of the City of Syracuse and respondent Thomas Hanlon, Fire Chief of the City of Syracuse. Petitioner, an eight-year veteran of the Syracuse Fire Department, was placed on sick leave for medical reasons in December, 1980. Relative to this condition, petitioner was ordered to appear for two medical examinations in March and April of 1981. Petitioner failed to report for the second of these examinations because he "forgot" and, subsequently, was notified that he was being suspended without pay for disobeying a direct order of the fire chief. After a hearing was held pursuant to section 75 of the Civil Service Law, Chief Hanlon found the petitioner guilty of the offense charged and suspended him without pay for three weeks. Special Term erred in reducing petitioner's suspension to one week because the penalty imposed by the fire chief was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *Matter of McDermott v Murphy*, 15 AD2d 479, affd 12 NY2d 780; *Matter of Stolz v Board of Regents*, 4 AD2d 361). Respondent fire chief properly contends that the penalty imposed was necessary in order to maintain proper discipline within the department. Our court has previously recognized that the failure or refusal to obey an order of a superior officer is a serious matter (see, e.g., *Matter of Lucheso v Dillon,* 80 AD2d 988). Respondent also points out that this was the second time within 13 months that petitioner had been found guilty of failing to obey an order of a superior officer. In light of all the factors enumerated in *Matter of Pell (supra)*, particularly the need to deter others from similar misconduct, it cannot be said that a penalty of three weeks' suspension without pay is so disproportionate to the offense as to be shocking to one's sense of fairness (see, e.g., *Matter of Weirich v Griffo,* 53 NY2d 891). Accordingly, the court's judgment is reversed and the original determination of the fire chief that petitioner be suspended for three weeks without pay is reinstated. (Appeal from judgment of the Supreme Court, Onondaga County, Donovan, J. — art 78.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BEVERLY, Appellant. — Judgment unanimously affirmed. Counsel's application to withdraw granted (see *People v Crawford,* 71 AD2d 38). (Appeal from judgment of Onondaga County Court, Cunningham, J. — grand larceny, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM R. PHILLIPS, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Appeal unanimously dismissed as academic (see *Smith v Phillips,* 455 US 209). (Appeal from judgment of Supreme Court, Wyoming County, Conable, J. — habeas corpus.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.

■ In the Matter of ENVIROGAS, INC., Respondent, v TOWN OF KIANTONE et al., Appellants. — Judgment unanimously affirmed, without costs, for reasons stated at Special Term, Green, J. (Appeal from judgment of Supreme Court, Erie County, Green, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ. [112 Misc 2d 432.]