■ ROGER P. O'MALLEY, Petitioner, v NASSAU COUNTY MEDICAL CENTER et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the County of Nassau, dated January 12, 1987, which, after a hearing conducted pursuant to Civil Service Law § 75, dismissed the petitioner from his position as Assistant Hospital Administrator II of the Nassau County Medical Center for gross insubordination.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The determination of misconduct is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The petitioner's secret taping of the meeting of January 25, 1985, after the Chief Executive Officer clearly directed him not to do so, was intentional, deliberate and willful and was insubordination amounting to

misconduct under the circumstances *(see, Matter of Griffin [Thompson],* 202 NY 104). In addition, the record demonstrates that the petitioner was "upset" with being transferred to another position and his reaction was threatening. Therefore, there is support in the record for the conclusion that "if continued in his employ with the County of Nassau or the Nassau County Medical Center * * * [he] would not change his way of responding to situations which can be characterized at best as inappropriate and disruptive. He responds to situations wherein he perceives others as taking actions concerning areas under his supervision in a manner that appears to be more of an attack on the individuals rather than a response through appropriate channels in [an] appropriate manner to resolve the matter".

It has been held that "in cases involving internal discipline as distinct from external regulation the administrative agency has a discretion of broader range because of 'the complexity and sensitiveness of personnel administration in continuing intraorganizational relationships' " *(Matter of Di Vito v State of New York, Dept. of Labor,* 48 NY2d 761, 763, quoting from *Matter of Ahsaf v Nyquist,* 37 NY2d 182, 185). Here, the petitioner's "obduracy 'casts serious doubt over his ability to hold a managerial position' " *(Matter of Di Vito v State of New York, Dept. of Labor, supra,* at 763, quoting from *Matter of Di Vito v State of New York, Dept. of Labor,* 64 AD2d 867) at the Nassau County Medical Center. Thus, under the circumstances here, his insubordination warrants the penalty of dismissal *(see, Matter of Short v Nassau County Civ. Serv. Commn.,* 45 NY2d 721, 723). It is not " 'so disproportionate to the offense * * * as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting from *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.