In the Matter of PAUL R. PLANTE, Petitioner, v JOHN L. BUONO, as Rensselaer County Executive, et al., Respondents.

Third Department, December 5, 1991

## APPEARANCES OF COUNSEL

*Oliver & Oliver (Lewis B. Oliver, Jr.,* of counsel), for petitioner.

*Robert A. Smith, County Attorney (Thomas R. Cioffi* of counsel), for respondents.

## OPINION OF THE COURT

YESAWICH JR., J.

In his position as Associate Public Health Engineer in the Rensselaer County Department of Health and Director of the Environmental Health Division, petitioner was required to enforce the Public Health Law and local and State sanitary codes in relation to environmental health matters under the general direction of Kenneth Van Praag, the County's Public Health Director. According to petitioner's job description, he

was to be accorded "considerable leeway * * * for the exercise of independent judgment in overseeing the operation of the Division of Environmental Health".

The events giving rise to this proceeding by petitioner, a licensed professional engineer, apparently stem from his belief that Van Praag, his administrative supervisor but not an engineer, lacked authority to direct him as to what he perceived to be technical engineering matters related to the Environmental Health Division, for in such matters petitioner answered to the State Health Department. Insubordination and other charges filed against petitioner by Van Praag resulted in extensive hearings and a recommendation by the Hearing Officer that petitioner be discharged. Respondent Rensselaer County Executive (hereinafter respondent) adopted the Hearing Officer's recommendation insofar as petitioner was found to have been insubordinate in violation of County Work Rule No. 26.

█ Initially, we note that even if the County Work Rules, a copy of which was received and signed for by petitioner, had not been validly enacted or approved by the County Legislature, as petitioner contends, that in no way militates against the action taken by respondents, for insubordination is customarily recognized as misconduct providing the basis for punishment of public employees pursuant to Civil Service Law § 75 (see, O'Malley v Nassau County Med. Center, 143 AD2d 426; Matter of Strokes v City of Albany, 101 AD2d 944).

The particular specifications of misconduct of which petitioner was found guilty are (1) that on September 21, 1988 he refused, in writing, Van Praag's directive to rescind a memorandum petitioner had issued to his staff that all media requests be directed to him and to modify it so that all media requests were referred to Van Praag as required by County policy, (2) that on August 30, 1988 he failed to prepare responses to two communications from County Legislators Marilyn Douglas and Francis Flynn, although instructed to do so by Van Praag, (3) and (4) that he failed to comply with requests by both Van Praag and the County Attorney to substantiate charges he had made in a memorandum dated October 11, 1988 addressed to respondent, that Van Praag and former engineers employed by the County Health Department had committed "errors of omission and commission" undermining the integrity of the environmental health programs in Rensselaer County, and (5) that he was quoted in an October 14, 1988 newspaper article as questioning respondent's sanity.

■ We reject petitioner's contention that a determination that petitioner intentionally and willfully disobeyed lawful orders is not supported by substantial evidence. At the start it should be noted that the Hearing Officer's finding that respondent's appointment of James Girzone, the Deputy County Executive, to deal with complaints from members of the public critical of petitioner's job performance did not modify the chain of command is based on Girzone's unequivocal testimony that he did not function as petitioner's supervisor and he never told petitioner that the latter could disregard a direct order from Van Praag.

As to specification (1), the record includes the following: a memorandum from Van Praag requesting that the County policy be followed, petitioner's written refusal to conform and Van Praag's testimony that he had sent the memorandum together with a copy of the County policy to petitioner, that petitioner had returned it with the written refusal on it, that petitioner never sought to clarify the situation with Van Praag following this exchange, that he and petitioner had previously discussed the issue of media coverage, and that it was consistent to allow petitioner to address the general public as to technical issues, but not to unilaterally answer general media questions. Moreover, Girzone not only denied that he had authorized the stance taken by petitioner regarding the media, but testified that he had affirmatively advised him that he should "put his phone on call forward so any calls from the media could be dealt with more appropriately and properly".

Specification (2) is supported by Van Praag's testimony that he received the Legislators' requests, asked petitioner to "pull together" the necessary data, and that petitioner did not do so, explaining that it would take "a lot of work on the part of his staff". While petitioner also explained that complying with Flynn's request, which sought information as to pending applications for approval of septic systems and realty subdivisions, the locations of failed septic systems since 1985 and similar information, might violate the Freedom of Information Law, petitioner never inquired of Van Praag or the County Attorney whether his apprehension was justified. As to Douglas' inquiry for records of County Board of Health approval of the manual revised and used by petitioner as a standard for subdivision sewage plans, Girzone testified, in recalling a conversation with petitioner about Van Praag's request, that

petitioner's concern regarding compliance with that request was that no such approval had ever been obtained.

Specifications (3) and (4) are evidenced by written requests by Van Praag and the County Attorney that petitioner substantiate his charge of past errors of omission and commission. Those requests were not complied with. Although Van Praag's letter referred to a report "if one does exist", it also said that "[i]t is inappropriate to make such charges without presenting the evidence to support same"; hence, Van Praag's message was clear. Petitioner's suggestion that because no report existed he could not be found insubordinate for failing to answer Van Praag is disingenuous. Furthermore, as petitioner readily acknowledged that the supporting technical documentary evidence he had furnished Girzone needed to be compiled and explained by him, it clearly was not in a form which satisfied the requests of Van Praag and the County Attorney.

The newspaper article itself, and petitioner's admission that he did indeed make the statement therein which cast respondent in a bad light, support specification (5).

Although petitioner and Van Praag told very different versions of the events in question, it is the province of the Hearing Officer to determine issues of credibility. In this respect it is noteworthy that the Hearing Officer found petitioner's testimony credible "insofar as technical matters and his interpretation of the Health Law", but "incredible" in the area of human relations. Given that the record contains sufficient testimonial and documentary evidence to warrant respondent's determination, it must be confirmed (see, Matter of Silberfarb v Board of Coop. Educ. Servs., 60 NY2d 979, 981; Matter of Pollman v Fahey, 106 AD2d 771, 773).

■ Nor are we disposed to agree with petitioner's claim that his termination violated Civil Service Law § 75-b. Retaliatory dismissal is a defense in any disciplinary proceeding where an employee "reasonably believes dismissal * * * would not have been taken but for" the public employee's disclosure "to a governmental body information: (i) regarding a violation of a law, rule or regulation which * * * creates * * * a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action" (Civil Service Law § 75-b [2] [a]; [3] [a] [emphasis supplied]). There is no indication in the case at hand that petitioner's dismissal

resulted solely from his efforts to inform respondent of County Health Department violations and Van Praag's purported role in these violations; in fact, petitioner drafted the October 11, 1988 memorandum to respondent containing these charges after the misbehavior described in specifications (1) and (2) had occurred, and he had that memorandum typed only after he was placed on a 30-day paid leave of absence. Moreover, petitioner himself never disclosed the information to a governmental body, but specifically instructed the stenographer to hold onto the memorandum, evidently intending to disseminate it to the media himself. Indeed, it was apparently Van Praag who actually gave the memorandum to respondent.

■ As to the penalty imposed, we find dismissal appropriate *(see, O'Malley v Nassau County Med. Center,* 143 AD2d 426, *supra).* "[I]n cases involving internal discipline as distinct from external regulation the administrative agency has a discretion of broader range because of 'the complexity and sensitiveness of personnel administration in continuing intraorganizational relationships' " *(Matter of Di Vito v State of New York, Dept. of Labor,* 48 NY2d 761, 763, quoting *Matter of Ahsaf v Nyquist,* 37 NY2d 182, 185).

A State Health Department report confirmed many of petitioner's allegations concerning the County Health Department's enforcement of applicable laws and regulations and petitioner may indeed have been justified in refusing to follow orders which directly contradicted regulations he was to enforce. However favorably that conduct may be viewed, the fact remains that the specifications involved here concern different conduct, namely, his refusal to follow orders concerning administrative and organizational functions. The record more than amply supports the finding that petitioner did not follow his superiors' orders in nontechnical areas and that he could not, or chose not to, distinguish between such matters and the more technical matters in which he, as a licensed engineer, concededly had authority to act without interference from his nonprofessional superiors *(see, Matter of Short v Nassau County Civ. Serv. Commn.,* 45 NY2d 721, 723). Thus, combined with the fact that even at the hearing petitioner did not completely recognize Van Praag as his direct superior in the county government and that, as he is fully aware, his credibility has been destroyed, it cannot be said that his dismissal is

so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

WEISS, J. P., MIKOLL, CREW III and HARVEY, JJ., concur.

Adjudged that the determination is confirmed, and petition dismissed, without costs.