■ In the Matter of LAWRENCE W. MORAN, JR., Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Triborough Bridge and Tunnel Authority dated February 15, 1990, which terminated the petitioner's employment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 11, 1990, which, *inter alia,* dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner was employed by the respondent Triborough Bridge and Tunnel Authority (hereinafter TBTA) as a Bridge and Tunnel Officer on February 20, 1989, subject to a one-year probationary period. At that time, he was also employed full-time as a Bus Maintainer Grade "B" by the New York City Transit Authority (hereinafter NYCTA). He had been employed by NYCTA for approximately 19 years.

In June 1989 the petitioner filled out a "Dual Employment" questionnaire required by NYCTA, on which he noted his "outside employment" with TBTA, and also noted that the days and hours of his employment with TBTA "vary from week to week—Hours 2p-10p". Based upon this response on the questionnaire, NYCTA and TBTA began a joint investigation in June 1989. The investigation revealed that the petitioner had been to work late at NYCTA on several occasions. Moreover, in two such cases NYCTA and TBTA's workshifts overlapped, and the petitioner's time card at NYCTA was punched to indicate a purported arrival at its facility which was earlier than the time he had punched out from TBTA.

TBTA terminated the petitioner's employment on February 15, 1990, on the strength of the investigation report.

TBTA does not allege that it has a rule prohibiting dual employment, or that the petitioner was ever late to work at TBTA, or that his work at TBTA had been anything other than satisfactory. Its determination to terminate the petitioner's employment is based on the occasions when the petitioner worked overlapping hours and was late for work at NYCTA. It argues that the petitioner, as a probationary employee, may be dismissed for any reason absent a showing of bad faith on its part and that the petitioner has failed to make any such showing.

"It is well settled that a probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law" *(Matter of York v McGuire, 63 NY2d 760, 761; Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth., 62 NY2d 897)*. The petitioner does not contest the fact that he was late at NYCTA, nor that his time card had been punched in at specific times when he could not have been at the NYCTA depot. "In determining a probationer's capability and fitness, an appointing authority is not confined to evaluating the employee's performance during the probationary term but may consider [his or] her conduct while in the service of former employers" *(Matter of Ostoyich v State of New York, 99 AD2d 839; see also, De Salvo v Kolb, 54 AD2d 991)*. Thus, on the record in this case, it cannot be said that the determination was made in bad faith *(see, Matter of Johnson v Katz, 68 NY2d 649)*. Therefore, the Supreme Court properly dismissed the proceeding. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.