■ In the Matter of MICHAEL COLAO, Appellant, v VILLAGE OF ELLENVILLE et al., Respondents. [636 NYS2d 446] —White, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered July 14, 1994 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for reinstatement to his position as a police officer, and (2) from an order of said court, entered November 22, 1994 in Ulster County, which denied petitioner's motion for reconsideration.

Following his dismissal, without a hearing, from the Village of Ellenville (hereinafter Village) police force in early February 1994, approximately 10 months after his appointment on April 1, 1993, petitioner commenced this CPLR article 78 proceeding to annul the determination of dismissal and direct his reinstatement to the position of police officer. Supreme Court dismissed the petition and subsequently denied petitioner's motion for reconsideration. These appeals ensued.

Petitioner's initial argument for reversal is that he was entitled to the panoply of due process procedural rights afforded civil service employees by Civil Service Law § 75 since he was a permanent employee at the time of his dismissal. Petitioner claims to have attained such status on October 1, 1993 pursuant to the Village's Police Department Manual of Procedure (hereinafter the Manual), which provides that "upon appointment [patrolmen] shall be subject to a probationary term of six (6) months".

Respondents counter this argument by directing our atten-

tion to rule XIV (c) and (e) of the Ulster County Civil Service Rules and Regulations (hereinafter UCCSRR). These rules establish a probationary term for a police officer of not less than 12 nor more than 52 weeks and provide that an appointment for a police officer becomes permanent upon the retention of the probationer beyond 52 weeks or upon earlier written notice to the probationer of a successful completion of the probationary term. Respondents point out that, under the UCCSRR, petitioner was a probationary employee at the time of his dismissal because a year had not elapsed since his appointment nor had he received earlier written notice of successful completion of his probationary term.

Generally, within a county and its civil divisions, the provisions of the Civil Service Law are administered by a county civil service commission (*see,* Civil Service Law § 17 [1]). This commission is vested with the authority to establish rules for the conditions and extent of probationary service (*see,* Civil Service Law § 63 [2]), which, when promulgated, have the force and effect of law (*see, Matter of Albano v Kirby,* 36 NY2d 526, 529; *see also,* Civil Service Law § 20 [2]). In light of this statutory authorization, and as there is no evidence that the Ulster County Civil Service Commission delegated its authority to fix the probationary period of police officers to the Village (*compare, Matter of Block v Franklin Sq. Union Free School Dist.,* 72 AD2d 602), we conclude that the UCCSRR takes precedence over the Manual (*see,* 18 Opns St Comp, 1962, at 438). Accordingly, we concur with Supreme Court's finding that, at the time of his dismissal, petitioner was a probationary employee who was not entitled to a hearing in the absence of proof that his dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law (*see, Matter of York v McGuire,* 63 NY2d 760, 761; *Matter of Moran v Triborough Bridge & Tunnel Auth.,* 188 AD2d 601, 602).

Petitioner maintains that his dismissal was in violation of statutory law, namely Civil Service Law § 75-b, New York's "whistleblower" statute. According to petitioner, this statute is implicated because his dismissal was in retaliation for his reporting the refusal of fellow police officers to prosecute a lawful arrest for drunken driving. A defense under Civil Service Law § 75-b cannot be sustained where the public employer demonstrates a separate and independent basis for the action taken (*see, Roens v New York City Tr. Auth.,* 202 AD2d 274, 275; *Matter of Plante v Buono,* 172 AD2d 81, 85-86, *lv denied* 79 NY2d 756; *see also,* Civil Service Law § 75-b [4]). Here, the Chief of Police set forth 10 separate incidents of inappropriate

conduct on petitioner's part justifying his dismissal; among them was a blatantly racist act that, standing alone, justified, if not mandated, petitioner's dismissal. Consequently, we find petitioner's defense predicated upon Civil Service Law § 75-b to be meritless.

We further reject petitioner's claim that he was entitled to a hearing under Village Law § 8-804 (1) which precludes the dismissal of a member of a Village police force "until written charges * * * have been examined, heard and investigated". This statute does not stand apart from Civil Service Law § 75, rather it complements and must be read with it since these statutes are in pari materia as they both relate to the discipline of civil service employees (McKinney's Cons Laws of NY, Book 1, Statutes § 221). When so read, it is evident that Village Law § 8-804 only applies to members of a Village police force holding a permanent appointment (*see, Mitchell v Town Bd.*, 97 AD2d 500, 501 [construing Town Law § 155, a statute comparable to Village Law § 8-804]).

On his motion for reconsideration, petitioner, for the first time, raised the argument that the collective bargaining agreement between the Village and the Ellenville Police Benevolent Association incorporated the Manual with its six-month probationary term. Supreme Court properly rejected this argument since petitioner failed to provide a justifiable excuse for not presenting this readily available information and argument in his petition (*see, Kambour v Farrar*, 188 AD2d 719, 719-720).

Lastly, given the substantial deference accorded disciplinary determinations in police matters (*see, Trotta v Ward*, 77 NY2d 827, 828), the record supports the conclusion that petitioner's dismissal was made in good faith. Since petitioner failed to sustain his burden of raising and proving a triable issue of fact as to whether his dismissal was grounded in bad faith, no hearing on the issue of respondents' motivation in dismissing petitioner was required (*see, Matter of Johnson v Katz*, 68 NY2d 649, 650; *Matter of Medina v Sielaff*, 182 AD2d 424, 427).

For these reasons, we affirm Supreme Court's dismissal of the petition and denial of the motion for reconsideration.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment and order are affirmed, without costs.