■ In the Matter of DALE WEATHERLOW, Petitioner, v BOARD OF EDUCATION OF JAMESTOWN CITY SCHOOL DISTRICT, Respondent. [653 NYS2d 778] —Determination unanimously modified on

the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination of respondent accepting the Hearing Officer's finding that petitioner was guilty of misconduct and incompetence and rejecting the Hearing Officer's recommendation that petitioner be suspended for 60 days without pay and, instead, imposing the penalty of termination.

Civil Service Law § 75 (1) provides that a person holding a position governed by the Civil Service Law "shall not be removed or otherwise subjected to any disciplinary penalty * * * except for incompetency or misconduct shown after a hearing upon stated charges". It should be noted that "[i]ncompetency and misconduct are two separate matters, the latter requiring a showing of willfulness or intentional conduct" (*Matter of Benson v Board of Educ.*, 183 AD2d 996, 997, *lv denied* 80 NY2d 756; *see, Matter of Griffin v Thompson*, 202 NY 104, 113). With respect to the first three charges, there is no evidence in the record that petitioner engaged in intentional and willful conduct. Rather, as the Hearing Officer properly found, petitioner's negligence amounted to no more than incompetence.

To support a finding of incompetency there must be evidence of some dereliction or neglect of duty (*see, Matter of Griffin v Thompson, supra,* at 110; *Matter of Gibson v Board of Educ.,* 59 AD2d 963, *affd* 45 NY2d 884; *Matter of Bollin v City of Kingston,* 89 AD2d 658). Upon our review of the record, we conclude that the determination that petitioner was incompetent in failing to report the ongoing misuse of a School District credit card (charge 1), in authorizing payment of the School Board President's personal expenses with School District funds (charge 2), and in failing to take necessary steps to stop the School Board President's misuse of the School District credit card (charge 3) is based upon substantial evidence.

The fourth charge of insubordination, however, is not supported by substantial evidence. Insubordination by a Civil Service employee requires "intentional, willful disobedience" (*Matter of Griffin v Thompson, supra,* at 113) or a " 'persistent unwillingness to accept the directives of his superiors' " (*Matter of Di Vito v State of New York, Dept. of Labor,* 48 NY2d 761, 763, quoting *Matter of Short v Nassau County Civ. Serv. Commn.,* 45 NY2d 721, 723; *see, Matter of Palmer v County of Oneida,* 86 AD2d 957, *lv denied* 56 NY2d 507). There is no evidence that petitioner intentionally and willfully disobeyed the

instruction of the Superintendent of Schools to cancel the School District credit card. The record discloses that, when that instruction was given, the Superintendent also told petitioner to "continue to work with [the School Board President] to the ultimate goal of having that balance transferred". The determination finding defendant guilty of insubordination must be annulled. Because one penalty was imposed and no relation is specified between the violations and the penalty, the penalty must be vacated and the matter remitted to respondent for imposition of an appropriate penalty with respect to the charges that have been sustained (*see, Matter of Ligreci v Honors*, 171 AD2d 1058, *lv denied* 78 NY2d 853).

With respect to the penalty, it is our view that dismissal is grossly disproportionate to the offense of petitioner in failing to exercise good business judgment in connection with the isolated series of events (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Petitioner was relying on the explanation of the President of the School Board and had no reason to believe at the outset that he was being misled. Petitioner had a sterling record as Business Administrator of the School District and was highly regarded by the Superintendent and his colleagues. We conclude that the maximum sanction supported by the record is suspension without pay for a period of two months, as recommended by the Hearing Officer. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Chautauqua County, Gerace, J.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.