OPINION OF THE COURT
John G. Connor, J.
Petitioner seeks an order pursuant to CPLR article 78 vacating respondents’ disciplinary determination and directing that respondents return to petitioner his badge and police identification on the ground that the same was in violation of Civil Service Law § 75. Respondents answer the petition and raise the following affirmative defenses: (1) disciplinary proceedings of *826 village police officers are governed by Village Law § 8-804 rather than Civil Service Law § 75; (2) petitioner was an employee at will serving at the pleasure of the respondent Chief of Police; (3) petitioner is not physically capable of working and has been classified as permanently partially disabled by the Workers’ Compensation Board; (4) petitioner was on inactive duty at the time of the incident in question and, therefore, his actions could have jeopardized the City of Ellenville; (5) petitioner has no need for a badge or police identification since he is on inactive duty; (6) the correspondence of the respondent Chief to petitioner dated March 7, 2000 constituted a mere counseling letter rather than a formal reprimand; (7) an article 78 proceeding is an improper mechanism to test constitutional rights; (8) the respondent Chiefs confiscation of petitioner’s badge and police identification does not constitute a disciplinary action pursuant to Civil Service Law § 75.
First the court will address the issue of whether article 78 is a proper means for examining respondents’ actions. An article 78 proceeding may be brought seeking remedies in the nature of certiorari, mandamus, or prohibition. Certiorari is a proceeding to review a determination made by a public body or officer. Mandamus is a proceeding to compel a public body or officer to act in accordance with the law. Prohibition is a proceeding to enjoin a court, tribunal or officer from exceeding its jurisdiction. The instant petition seeks to review a determination made by respondents and compel respondents to comply with Civil Service Law § 75 and Village Law § 8-804, and therefore falls within the parameters of article 78.
Civil Service Law § 75 provides that a person holding a permanent appointment in a competitive class of the classified civil service cannot be removed or otherwise subjected to any disciplinary penalty unless after a hearing on stated charges he or she is found to be guilty of incompetency or misconduct. (See, Civil Service Law § 75 [1] [a].) Likewise, members of village police departments shall not be fined, reprimanded, suspended, removed or dismissed until after receipt of written charges and a “public hearing and trial.” (Village Law § 8-804 [1].) Thus, the disciplining of police officers holding permanent positions is governed by both Civil Service Law § 75 and Village Law § 8-804 (1). (See, Matter of Colao v Village of Ellen-ville, 223 AD2d 792, 794 [3d Dept 1996].)
Petitioner is employed as a permanent part-time police officer in the Village of Ellenville. Respondents do not dispute petitioner’s permanent status. There is also no dispute that *827 petitioner was on “inactive status” since he became disabled. The instant dispute arose in connection with an event that took place on November 16, 1999. Petitioner allegedly used his badge and police identification, while he was off duty, to prevent a 16-year-old male from parking in a senior citizen parking space. On December 6, 1999, respondent Chief of Police interviewed petitioner regarding the incident in question and confiscated petitioner’s badge and police identification. By letter dated March 7, 2000, respondent Chief of Police refused to return to petitioner his badge and police identification and indicated that he found petitioner’s behavior relative to the events of November 16, 1999 to be “inappropriate.”
Respondents contend that the letter of March 7, 2000 and the confiscation of the petitioner’s badge and identification do not constitute “reprimands” or “discipline” sufficient to trigger the application of either Civil Service Law § 75 or Village Law § 8-804 (1). The court finds that regardless of whether petitioner was disabled at the time, respondents’ confiscation of petitioner’s badge and police identification constituted a disciplinary action under the auspices of Civil Service Law § 75 and Village Law § 8-804. Petitioner was entitled to notice of the charges against him and an opportunity to confront his accuser and present defenses thereto at a hearing. (See, Civil Service Law § 75 [1] [a]; Village Law § 8-804 [1].)
Accordingly, the determination of the respondents is hereby reversed. Respondents are hereby directed to serve formal notice of any charges upon petitioner regarding the events of November 16, 1999 and the matter is remanded to respondents to hold a hearing in accordance with Civil Service Law § 75 and Village Law § 8-804 with respect to the same. Absent the filing of formal charges and a hearing, respondents shall return to petitioner his badge and police identification, and all references to the event of November 16, 1999 shall be expunged from petitioner’s records.