■ In the Matter of NIVIA E. DIAZ, Respondent, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Appellants.— Appeal from a judgment of the Supreme Court (Cardona, J.),

entered August 6, 1991 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to reinstate petitioner to her previous civil service position.

At issue in this proceeding is whether petitioner should have been reinstated to her former civil service position instead of being placed on a preferred list for the job. Civil Service Law § 71 is the statute governing this case and, insofar as pertinent, provides that a civil service employee who has been on a leave of absence for a work-related injury and has then been medically certified as fit to return to work "shall be reinstated to [the] former position, if vacant". The statute, however, also provides that "if the work load does not warrant the filling of such vacancy", then the person's name is instead placed upon a preferred list for the former position. Here, it is not disputed that there were vacant positions available at the time of petitioner's request for reinstatement. In denying her request, however, respondents determined that the workload did not justify reinstatement. Admittedly, respondents' determination was made after the imposition of a hiring freeze. Petitioner contended that this was arbitrary and capricious. Supreme Court agreed, stating that because the "determination in reference to workload was caused by the hiring freeze" it was contrary to the mandates of Civil Service Law § 71.

We disagree and accordingly reverse. Initially, we note that the standard of review here is limited to whether respondents' actions had a rational basis and thus were not arbitrary and capricious (see, Matter of Hudson Riv. Fisherman's Assn. v Williams, 139 AD2d 234). As long as their decision had a rational basis, we may not substitute our judgment for that of respondents (see, Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd., 112 AD2d 72, affd 66 NY2d 1032). It was for respondents to interpret the statute and the question is not the truth or the accuracy of the information relied upon but rather the reasonableness of their conclusions (see, supra). In light of these considerations, we cannot say that respondents lacked a rational basis in their interpretation of the statute or in concluding that as a result of the hiring freeze the workload was not sufficient to warrant petitioner's reinstatement. The statute says only that the workload must not warrant the filling of the vacancy. Even if it was fiscal restraint which caused respondents to determine that there was a curtailment of workload, this was an acceptable reason under the statute. The determination that the

workload could be performed by existing employees had a rational basis in this case *(see, Matter of Leathersich v Wade,* 20 AD2d 963).

Yesawich Jr., J. P., Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.