■ In the Matter of MUPIC LIQUORS, INC., Doing Business as KINGSWAY LIQUORS, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [623 NYS2d 301] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated January 25, 1993, which, upon a fact-finding determination dated December 17, 1992, suspended the petitioner's license to sell alcoholic beverages for a period of 30 days (15 days forthwith and 15 days deferred) and imposed a $1000 bond claim, the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated June 11, 1993, which granted the petition to the extent of modifying the determination suspending the petitioner's license to sell alcoholic beverages to 30 days (5 days forthwith and 25 days deferred).

Ordered that the judgment is modified, on the law and as a matter of discretion, by deleting the third decretal paragraph thereof and substituting therefor the following decretal paragraph: "ORDERED that the matter is remitted to the respondent New York State Liquor Authority for the imposition of a

new penalty not to exceed a suspension of the petitioner's license for more than 30 days (5 days forthwith and 25 days deferred) and a bond claim of $1000"; as so modified, the judgment is affirmed, without costs or disbursements.

Under the circumstances of this case, we find that the Supreme Court properly found that the penalty imposed by the Liquor Authority was excessive. The record shows that the petitioner had an unblemished record, and that, in purchasing alcoholic beverages from a distributor not licensed in the State of New York, the petitioner had no illegal intent. It attempted to verify whether the distributor was licensed, and it fully cooperated with the respondent's investigation *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Levittown Events v Duffy,* 135 AD2d 539; *see also, Matter of CBH Pioneer Enters. v New York State Liq. Auth.,* 172 AD2d 520).

However, the Supreme Court improperly imposed a reduced penalty. Upon a finding that a penalty is excessive in that it is "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness", the reviewing court must remit the matter to the agency for the imposition of an appropriate penalty *(see,* CPLR 7803 [3]; *Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874, 875-876). The court is free to state the maximum penalty the record will sustain *(see, Rob Tess Rest. Corp. v New York State Liq. Auth., supra).* We find that the reduced penalty imposed by the Supreme Court is the maximum that the record will sustain in this case. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.