(April 20, 2000)

■ MICHAEL WONG, Respondent, v DIANE McGRATH-McKECHNIE, as Commissioner of New York City Taxi and Limousine Commission, et al., Appellants. [706 NYS2d 418] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about October 22, 1998, which, in a CPLR article 78 proceeding by petitioner taxi medallion licensee to annul respondent agency's determination revoking petitioner's medallion license and directing petitioner to sell his ownership interest in the medallion, granted the application to the extent of vacating the directive to sell, reducing the license revocation to a three-month suspension coinciding with the period of administrative proceedings, and imposing a $250 fine, unanimously modified, on the law, to vacate the penalty imposed by the motion court and remand the matter to respondent agency for determination of an appropriate penalty, and otherwise affirmed, without costs.

Petitioner, a taxi driver, purchased an interest in a taxi medallion. He applied to respondent to transfer the medallion to him. A medallion enables its owner to own a taxicab. Respondent revoked petitioner's medallion license after discovering that he had inaccurately stated on his medallion application that he had no criminal record. Petitioner claims that the omission was unintentional, because the application was prepared by a medallion broker and petitioner simply signed it. In an affidavit, the broker corroborated this, saying that he had failed to ask petitioner about a criminal record because he prepared the papers during a busy and chaotic period in his office.

We decline to disturb the motion court's exercise of discretion in annulling respondent's penalty on the grounds that it was so disproportionate as to shock the sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 232-233). The excuse that one has failed to read a document before signing it, standing alone, is not an exculpation (*Beattie v Brown & Wood*, 243 AD2d 395). The circumstances here, however, are different. Petitioner's repeated prior disclosures of his criminal history to respondent in connection with his taxi driver's license, and his

awareness that he was to be fingerprinted by respondent as part of his medallion application process, support the finding that the nondisclosure was not willful. In light of petitioner's otherwise unblemished record as a taxi driver, loss of his medallion is too severe a sanction.

However, as the Court of Appeals stated in *Rob Tess Rest. Corp. v New York State Liq. Auth.* (49 NY2d 874), under CPLR 7803 (3), the matter should be remanded to respondent for imposition of a lesser penalty. "A reviewing court is free to state the maximum penalty the record will sustain, but should leave the exact nature of the penalty to be imposed to the discretion of the agency" (*supra*, at 876). Concur—Sullivan, P. J., Rosenberger, Mazzarelli and Andrias, JJ.