■ In the Matter of DIANE MARTINDALE, as Executor of BRUCE S. CONKLIN, Deceased, Respondent, v ANTONIA C. NOVELLO, as Commissioner of Health of the State of New York, et al., Appellants. [786 NYS2d 616]—

Peters, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered June 25, 2003 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Administrative Tribunal Appeal Board imposing a penalty on petitioner for violations of Public Health Law § 1116.

In November 1995, pursuant to Public Health Law § 1116, Bruce S. Conklin (hereinafter decedent) received approval from the Department of Health (hereinafter DOH) to build the Castlewood Realty Subdivision, a residential community in the Town of Northumberland, Saratoga County. In the application, decedent represented that he would be installing drilled drinking water wells on each lot. However, after the plans were approved and construction commenced, he installed shallow driven point wells without filing an amended plan or acquiring permission from DOH for the change. After the subdivision was completed, DOH received complaints relating to the quantity and quality of the water. An investigation by DOH's sanitary engineer revealed decedent's alteration of the approved plans.

In March 2002, a hearing was held before an Administrative Law Judge (hereinafter ALJ) in which DOH and decedent presented both testimonial and documentary evidence. The ALJ found that at 42 of the 49 residential sites, decedent violated Public Health Law § 1116 by installing driven point wells instead of the drilled wells which were approved by DOH. He was ordered to pay the maximum statutory penalty for each infraction; a total of $84,000 (see Public Health Law § 206 [4] [c]). Decedent was further ordered to contact each owner of a nonconforming well, explain that the well was not built in accordance with the approved plans and offer to build a conforming water system at no cost to the homeowner (see 10 NYCRR 76.3 [a] [9]). If the offer was declined, decedent was directed to notify DOH and file a record of the homeowner's declination in

the lot's chain of title. Decedent appealed and respondent Administrative Tribunal Appeal Board (hereinafter the Board) affirmed the findings.

This CPLR article 78 proceeding was commenced to review the penalties and sanctions imposed. Supreme Court, finding the penalties and sanctions grossly excessive, remanded the matter to the Board to determine a reasonable penalty. After DOH commenced this appeal, decedent died and the executor of his estate was substituted as petitioner.

We first address petitioner's assertion that upon decedent's death, the civil penalties and all other sanctions, rendered after a full adjudication of the merits, should be found to abate. While we agree that the monetary penalty, payable to DOH rather than a private litigant, should abate due to its penal nature (*see Matter of Elm Realty v Office of Rent Control,* 54 NY2d 650, 652 [1981]; *United States v Mmahat,* 106 F3d 89, 93 [1997], *cert denied* 522 US 848 [1997]; *compare Grant v Blum,* 76 AD2d 823 [1980]), the remaining sanctions do not because they are remedial (*see In re Seulen's Will,* 72 NYS2d 528, 530 [1947]; *see generally Matter of Elm Realty v Office of Rent Control, supra* at 652; *United States v Mmahat, supra* at 93). As we find petitioner's appeal of the penalty portion of the enforcement proceeding properly before us pursuant to EPTL 11-3.1, we next review whether Supreme Court correctly determined that the penalties imposed by DOH were grossly disproportionate to the violation so as to constitute an abuse of its discretion.

Supreme Court, in its review of an administrative penalty, is required to determine if the sanctions and penalties imposed were " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233 [1974], quoting *Matter of Stolz v Board of Regents of Univ. of State of N.Y.,* 4 AD2d 361, 364 [1957]). Upon our review, we cannot agree that the sanctions and penalties imposed were so excessive and shocking as to "constitut[e] an abuse of discretion as a matter of law" (*Matter of Kreisler v New York City Tr. Auth.,* 2 NY3d 775, 776 [2004]). The ALJ compared the risks inherent in the two types of wells and determined that the risk of contamination from the shallow driven point well was considerably greater than the risk of contamination from the drilled well. It found that the alteration of the approved plans was primarily motivated by decedent's desire to make additional profit and, despite decedent's protestations to the contrary, that the infractions were intentional and amounted to more than a mere technical error. "Even assuming that a lesser penalty may have

been more appropriate, it [was] not proper [for Supreme Court] to substitute [its] judgment for that of the [Tribunal]" (*Bottari v Saratoga Springs City School Dist.*, 3 AD3d 832, 833 [2004]).

For these reasons, we reverse Supreme Court's judgment which vacated the penalty imposed and remanded the issue of penalty to the Board, we abate the $84,000 in civil penalties and find that the portion of the Board's determination ordering decedent to rebuild the nonconforming wells in accordance with the approved plan at its own cost* was proper.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

* Respondents are no longer pursing on their appeal that portion of Supreme Court's judgment as vacated the Board's directive that decedent file a record of the property owner's declination in the lot's chain of title.