■ In the Matter of HELEN LUSCOMB, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [813 NYS2d 239]—

Spain, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered December 15, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for Medicaid assistance.

Petitioner, a resident of a skilled healthcare facility since 2000, applied for Medicaid benefits in December 2003. The Albany County Department of Social Services (hereinafter DSS) denied her application, finding that petitioner had made an uncompensated transfer of $140,000 into an irrevocable trust during the 60-month look-back period governing trusts (*see* Social Services Law § 366 [2] [b] [2] [ii]; [5] [d] [1]), thus disqualifying her from obtaining Medicaid benefits for a period of 23 months, or until May 1, 2004 (*see* Social Services Law § 366 [5] [d] [4]).* Petitioner requested a fair hearing, arguing that she should not be penalized based on the full $140,000 because, by retaining the right to the income from the trust, she had reserved a life estate for herself and, thus, transferred less than the full value of the assets. Respondent rejected petitioner's argument and affirmed DSS's calculation of a 23-month penalty period. Petitioner commenced this CPLR article 78 proceeding, challenging respondent's determination to penalize her on the full value of the transferred funds. Finding a rational basis for the determination, Supreme Court dismissed the petition, prompting this appeal by petitioner.

We affirm. Petitioner transferred her funds to an irrevocable inter vivos trust which empowers the trustees to pay the income of the trust to petitioner, but permits no portion of its principal to be applied for her benefit. Although such a transfer has been described as creating an "equitable" life estate, that interest is distinguishable from a legal life estate, where legal title vests in one person for life and, at that person's death, devolves upon another person (*see* 56 NY Jur 2d, Estates, Powers, and Restraints on Alienation § 35). By contrast, here legal title passed to the trustee, not to petitioner, with petitioner holding beneficial ownership of the property. To hold that such a transfer created a legal life estate would eliminate any distinc-

---

* The penalty period is derived by dividing the uncompensated value of the asset by the applicable regional rate for nursing home care (*see* Social Services Law § 366 [5] [d] [4]; 18 NYCRR 360-4.4 [c] [2] [iv]).

tion between a trust and a life estate in personal property, a result which previously has been eschewed (*see Snedeker v Congdon*, 41 App Div 433, 436 [1899]; *see also Hodgman v Cobb*, 202 App Div 259, 265-266 [1922]).

Further, because respondent's determination reflects a rational interpretation of the applicable statutes and regulations, we have no power to overturn it (*see Matter, of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). A penalty period of ineligibility must be calculated using the "total, cumulative uncompensated value of all assets transferred by the individual" (42 USC § 1396p [c] [1] [E]; *see* Social Services Law § 366 [2] [b] [2] [ii]) during the look-back period, an amount defined as "the fair market value of the asset at the time it was transferred, less any compensation received in exchange for the asset" (18 NYCRR 360-4.4 [c] [2] [i] [f]; *see* Social Services Law § 366 [5] [d] [2], [6]). Further, the instructional guide issued by the Centers for Medicare and Medicaid Services—in accordance with that entity's administration of the Medicaid program at the federal level—to instruct state agencies, such as respondent, in the administration of Medicaid benefits clearly states that when an irrevocable trust is created in which, as here, the grantor receives the income but no portion of the corpus may be disbursed to the grantor, the entire value of the corpus shall be used to calculate the penalty period (*see* Centers for Medicare and Medicaid Services, State Medicaid Manual § 3259.6 [C]). According deference to respondent's determination—which comports with the federal agency's guidelines—we find that the penalty period assessed against petitioner was appropriate (*see Matter of Brown v Wing*, 93 NY2d 517, 524 [1999]).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.