■ In the Matter of DELORES COLEMAN et al., Appellants, v STATE OF NEW YORK et al., Respondents. [830 NYS2d 874]—

Peters, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered April 10, 2006 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Correctional Services finding that petitioner Delores Coleman was not psychologically qualified for the position of a correction officer.

Petitioner Delores Coleman (hereinafter petitioner), a correction officer with respondent Department of Correctional Services (hereinafter respondent), was injured on February 13, 2003 in an off-duty automobile accident. When her absence exceeded one year, respondent informed her that as of February 17, 2004, she would be terminated pursuant to Civil Service Law § 73. She was, however, permitted to apply for reinstatement within one year.

On or about June 1, 2004, petitioner applied for reinstatement, proffering documentation from two physicians confirming that she was able to return to work without restriction. Pursuant to Civil Service Law § 73, petitioner had to be evaluated as to whether she was physically and mentally fit to perform the essential duties of a correction officer. The psychological component of that evaluation was performed by Law Enforcement Psychological Services, Inc. (hereinafter LEPS), a testing service used by respondent. While petitioner was initially determined to be both physically and mentally fit to return to her position, information later provided to LEPS by respondent resulted in a revised evaluation finding her "poorly suited." LEPS opined that based upon its new information, petitioner's responses to specific questions during that psychological interview raised significant concerns about her judgment and integrity. Petitioners appealed that decision without success. This CPLR article 78 proceeding was then commenced to vacate respondent's determination. Supreme Court dismissed the petition and this appeal ensued.

" '[I]n a proceeding seeking judicial review of [an] administra-

tive action, the court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the [determination] or whether it is arbitrary and capricious' " (*Matter of 310 S. Broadway Corp. v McCall*, 275 AD2d 549, 550 [2000], *lv denied* 96 NY2d 701 [2001], quoting *Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]; *accord Matter of Fortune v State of N.Y., Div. of State Police*, 293 AD2d 154, 157 [2002]). Here, Civil Service Law § 73 required petitioner to apply for a medical evaluation to determine her physical and mental fitness to perform the duties of her former position. Petitioner contends that, to make that determination, respondent incorrectly utilized the standard required of a new correction officer outlined in Correction Law § 8. We disagree. While prior to 2004, a correction officer seeking reinstatement was examined solely to determine whether the disability still existed, by January 2004, respondent changed the medical evaluation processing of correction officer reinstatements to mirror the processing of correction officer trainee candidates. Correction Law § 8 (2) states that all applicants for the position of correction officer must undergo a psychological evaluation to determine if they are "suffering from psychotic disorders, serious character disorders, or other disorders which could hinder performance on the job [and] may be deemed ineligible for appointment." Hence, respondent had the statutory authority under Civil Service Law § 73 to determine if petitioner was mentally fit to return to her position as a correction officer and its use of the psychological standards detailed in Correction Law § 8 for that purpose was entirely proper (*see Matter of Luscomb v New York State Dept. of Health*, 27 AD3d 1038, 1040 [2006]; *Matter of Diaz v New York State Off. of Mental Health*, 188 AD2d 903, 904 [1992]).

Nor do we find that respondent used petitioner's prior disciplinary record to determine if she was psychologically fit. Instead, LEPS's recommendation was based upon a review of her responses to certain questions during its evaluation which were now brought into question as a result of her disciplinary record. It found that she either intentionally denied that certain disciplinary actions had been taken or downplayed their significance. For this reason, petitioner's integrity was questioned due to her lack of candor during that interview. As this determination was supported by record evidence, we decline further review.

Finally, while petitioner failed to preserve her claim that she was denied due process (*see Matter of Khan v New York State*

*Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of Lamb v Goord*, 27 AD3d 807, 808 [2006]), had we addressed the issue, we would have found no error. Once petitioner challenged the evaluation rendered, the record reveals that respondent fully complied with the process for appeals. As to any other contentions raised by petitioner, we find, after a full review, that they are either unpreserved or without merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.