Malone Jr.,
J. Appeal from a judgment of the Supreme Court (Devine, J.), entered November 4, 2009 in Albany County, which granted petitioner’s application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Chair *1157 of respondent Workers’ Compensation Board removing petitioner from a list of eligible providers.
Petitioner, a board-certified neurologist, pleaded guilty to one specification of professional misconduct based upon his failure to maintain adequate records. Pursuant to a consent agreement, petitioner received a censure and reprimand, was placed on probation for three years under the supervision of a practice monitor and was ordered to pay a $25,000 fine and perform 100 hours of nonmedical community service.
Thereafter, by letter dated September 15, 2008, petitioner Was advised that, pursuant to Workers’ Compensation Law § 13-d (5), respondent Robert E. Beloten, as Chair of respondent Workers’ Compensation Board, was removing him from the list of providers authorized to render care and treatment to individuals who had suffered work-related injuries. When petitioner’s request for reconsideration and/or administrative review was denied, he commenced a CPLR article 78 proceeding seeking to annul the underlying determination. Supreme Court granted the petition, finding that the Chair failed to adequately explain the basis for petitioner’s removal from the list of authorized providers and remitted the matter for further proceedings.
In response, the Chair issued a new determination articulating the basis for petitioner’s removal, prompting petitioner to commence this CPLR article 78 proceeding contending, among other things, that the determination was arbitrary and capricious and violated his right to due process. Supreme Court again granted the petition, finding that although the explanation for petitioner’s removal was adequate, the Chair’s determination nonetheless was arbitrary and capricious. Supreme Court further ordered that petitioner immediately be restored to the list of eligible providers. This appeal by respondents ensued.
We reverse. “Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law” (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001] [citations omitted]). Stated another way, the penalty imposed must be upheld unless it is “so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks and citations omitted]; see Matter of Kelly v Safir, 96 NY2d at 38; Matter of JMH, Inc. v New York State Liq. Auth., 61 AD3d 1260, 1262 [2009]; Matter of Correll v Bucci, 19 AD3d 919, 921 [2005]; Matter of Martindale v Novello, 13 AD3d 761, 763 [2004]). In as *1158 sessing the penalty, the reviewing court may neither second-guess the administrative agency nor substitute its own judgment for the action taken (see Matter of Coleman v State of New York, 38 AD3d 1044, 1045-1046 [2007]). Finally, even in instances where the court determines that the penalty imposed cannot stand, the court may not fashion a reduced penalty (as Supreme Court did here) but, rather, must remit the matter to the agency for a redetermination of the penalty (see Wong v McGrath-Mc-Kechnie, 271 AD2d 321, 322 [2000], Iv denied 95 NY2d 762 [2000]; Matter of Mupic Liqs. v New York State Liq. Auth., 212 AD2d 793, 794 [1995]; Matter of Georgian Motel Corp. v New York State Liq. Auth., 184 AD2d 853, 855-856 [1992]).
Upon our review of the Chair’s June 2009 determination and the record as a whole, we cannot say that the penalty imposed constitutes an abuse of discretion as a matter of law. Petitioner’s remaining contentions, including his due process and constitutional claims, have been examined and found to be lacking in merit.
Mercure, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed. [Prior Case History: 26 Misc 3d 593 (2009).]