Matter of Clapp v Fiala (2018 NY Slip Op 02778)





Matter of Clapp v Fiala


2018 NY Slip Op 02778


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-06976
 (Index No. 31662/16)

[*1]In the Matter of George R. Clapp, petitioner, 
v
Barbara J. Fiala, etc., respondent.


Law Office of Peter A. Hurwitz, PLLC, New City, NY, for petitioner.
Eric T. Schneiderman, Attorney General, New York, NY (Andrew W. Amend and Mark H. Shawhan of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated March 29, 2016, affirming a determination of an administrative law judge dated March 10, 2015, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law §§ 1146(a) and 1211(a), and suspended his driver license for one year. By order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated June 24, 2016, the proceeding was transferred to this Court and enforcement of the suspension of the petitioner's driver license was stayed pending determination of the proceeding.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination dated March 29, 2016, as affirmed the penalty imposed is vacated, the petition is otherwise denied, the determination dated March 29, 2016, is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the Commissioner of Motor Vehicles for the imposition of a new penalty which shall not exceed a suspension of the petitioner's driver license for a period of 60 days.
The finding that the petitioner violated Vehicle and Traffic Law §§ 1146(a) and 1211(a) was supported by substantial evidence (see Matter of Wagner v Fiala, 113 AD3d 694, 695; Matter of Montagnino v Fiala, 106 AD3d 1090, 1091).
However, we must remit the matter for the Commissioner of Motor Vehicles to impose a new penalty. "An administrative penalty must be upheld unless it is so disproportionate to the offense . . . as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776, quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065). This Court has no discretionary authority or interest of justice jurisdiction to review the penalty imposed in a CPLR article 78 proceeding (see Matter of Ellis v Mahon, 11 NY3d 754, 755). Here, under the unique facts and circumstances of this particular case, the penalty imposed of a one-year suspension of the petitioner's driver license was so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (see Matter of Truskolaski v Passidomo, 123 AD2d 705; Matter of Davidson v Melton, 55 AD2d 799; cf. Matter of Cervoni v Commissioner of N.Y. State Dept. of Motor Vehs., 96 AD3d [*2]742; Matter of Wright v Commissioner of N.Y. State Dept. of Motor Vehs., 189 AD2d 767; Matter of Fazzone v Adduci, 155 AD2d 540). Accordingly, we remit the matter to the Commissioner of Motor Vehicles for the imposition of a new penalty not to exceed a suspension of the petitioner's driver license for a period of 60 days, as that constitutes the maximum penalty the record will sustain (see Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d 874, 875-876; Matter of Mupic Liqs. v New York State Liq. Auth., 212 AD2d 793, 794).
The petitioner's remaining contentions are unpreserved for review.
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court